RECEIPT #_____
AMOUNT $_____ N/A _____
SUMMONS ISSUED_Y '/_____
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK._Lh _____
DATE_____ 1-18-05 _____

FILED
IN CLERK'S OFFICE

**UNITED STATES DISTRICT COURT**

2005 JAN 18 P 1: 2!

**FOR THE DISTRICT OF MASSACHUSETTS**

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. _____ |
| | ) |
| v. | ) |
| | ) |
| THE COMMONWEALTH OF | ) |
| MASSACHUSETTS; THE MASSACHUSETTS | ) |
| DEPARTMENT OF ENVIRONMENTAL | ) |
| PROTECTION; MITT ROMNEY, in his capacity | ) |
| as Governor of Massachusetts; and ROBERT | ) |
| W. GOLLEDGE, JR., in his capacity as | ) |
| Commissioner of the Massachusetts Department | ) |
| of Environmental Protection | ) |
| | ) |
| Defendants. | ) |

**05   10112 JLT**

MAGISTRATE JUDGE ' Jew Mag

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, the United States of America, by its undersigned attorneys, brings this civil

action for declaratory and injunctive relief, and alleges as follows:

<u>NATURE OF THE ACTION</u>

1.      This is an action to declare invalid and to permanently enjoin legislation signed

into law on August 4, 2004, by defendant the Honorable Mitt Romney, governor of defendant the

Commonwealth of Massachusetts, known as An Act Relative to Oil Spill Prevention and

Response in Buzzards Bay and Other Harbors and Bays of the Commonwealth, 2004 Mass. Acts

chapter 251, as amended by 2004 Mass. Acts chapter 457 § 1 (December 30, 2004) ("Oil Spill

Act"). Certain provisions of the Oil Spill Act legislate in areas committed to the sole discretion

of plaintiff United States, are expressly forbidden by federal law, conflict with federal law, and/or

otherwise impede the accomplishment and execution of the full purposes and objectives of

federal law. These provisions of state law are, accordingly, preempted by federal law and invalid

under the Supremacy Clause of the United States Constitution, Article VI, Clause 2.

2.    The United States has established a comprehensive framework of federal standards governing the design, construction, alteration, repair, equipping, operation, personnel qualification, and manning of vessels, as well as the traffic rules they must follow when in United States waters. The Massachusetts Oil Spill Act impermissibly seeks to establish an overlapping and competing legal regime with its imposition of operation, manning and equipment requirements on foreign and domestic tank vessels operating in Massachusetts waters.

3.    Plaintiff seeks a declaratory judgment that federal law preempts, and that the Supremacy Clause invalidates those portions of the Oil Spill Act that legislate in areas reserved to the federal government, that are expressly forbidden by federal law, that conflict with federal law, and/or that otherwise impede the accomplishment and execution of the full purposes and objectives of federal law, in particular: 2004 Mass. Acts chapter 251 § 2 (safety equipment), § 11 (establishing new Massachusetts General Laws chapter 21M, §§ 1 and 6 (tug escorts); § 3 (alcohol and drug testing); § 4 (manning and watchstanding); § 5, as amended by 2004 Mass. Acts chapter 457 § 1 (vessel routing); and, § 7 (single hull vessels)), and §§ 16 and 17 (compulsory pilotage). Plaintiff also seeks a permanent injunction precluding defendants from executing or enforcing these sections of the Oil Spill Act.

## JURISDICTION AND VENUE

4.    This action arises under the Constitution of the United States, Article VI, Clause 2 (Supremacy Clause). It also arises under the Ports and Waterways Safety Act of 1972 (PWSA), Pub. L. 92-340, 86 Stat. 425, as amended by the Port and Tanker Safety Act of 1978, Pub. L. 95-474, 92 Stat. 1471; and under 46 U.S.C. §§ 2303a, 3703a, and 8501(d).

5.    The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1345, 2201 and 2202.

6.    Venue lies in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7.    The United States of America is the plaintiff in this action, suing on its behalf, as

-2-

well as on behalf of the United States Department of Homeland Security and the United States

Coast Guard. The Department of Homeland Security is an executive department of the United

States. 116 Stat. 2135. The Coast Guard is one of the five armed forces of the United States and

a service in the Department of Homeland Security. 14 U.S.C. § 1. The Coast Guard's

responsibilities include, among other things, enforcement of the maritime laws and regulations of

the United States.

     8.     Defendant Commonwealth of Massachusetts is a body politic existing pursuant to

the Constitution of the United States.

     9.     Defendant Mitt Romney is the Governor of Massachusetts, and is being sued in

his official capacity.

     10.     Defendant Massachusetts Department of Environmental Protection ("DEP") is an

executive department of the Commonwealth of Massachusetts. Its responsibilities include,

among other things, enforcement of portions of the Massachusetts Oil Spill Act.

     11.     Defendant Robert W. Golledge, Jr., is the Commissioner of the Massachusetts

Department of Environmental Protection, and is being sued in his official capacity.

STATEMENT OF THE CLAIM

Federal Authority and Law Governing Tank Vessels

     12.     The Supremacy Clause of the Constitution mandates that "the Laws of the United

States . . . made in Pursuance" of the Constitution "shall be the supreme law of the Land; . . . any

Thing in the Constitution or Laws of any state to the Contrary notwithstanding." U.S. Const.,

Art. VI, cl. 2.

     13.     Congress has enacted laws that comprehensively govern vessel operation and

safety, including the operation and safety of foreign and domestic tank vessels.

     14.     The Ports and Waterways Safety Act of 1972 (PWSA), Pub. L. 92-340, 86 Stat.

425, as amended by the Port and Tanker Safety Act of 1978, Pub. L. 95-474, 92 Stat. 1471,

authorizes the Coast Guard to regulate vessel traffic and requires the Coast Guard to regulate the

design, construction, operation, equipping, manning and personnel qualification of tank vessels. 33 U.S.C. § 1223(a)(1), 46 U.S.C. §§ 3702(a), 3703(a).

15.    PWSA Title I governs "vessel traffic." 33 U.S.C. § 1223(a)(1). PWSA Title I provides that the Coast Guard "may" establish measures for controlling vessel traffic or protecting navigation and the marine environment. Id.

16.    PWSA Title II governs the "design, construction, alteration, repair, maintenance, operation, equipping, personnel qualifications, and manning of vessels." 46 U.S.C. 3703(a). It provides that the Coast Guard "shall" prescribe regulations to implement its provisions. PWSA Title II requires uniform national regulations governing the general seaworthiness of tankers and crew.

17.    Title 46 U.S.C. § 8501(d) provides that "[a] State may not adopt a regulation that requires a coastwise vessel to take a pilot licensed or authorized by the laws of a State if the vessel is [a Coast Guard inspected vessel]. Any regulation or provision violating this section is void."

18.    The Oil Pollution Act of 1990 imposes liability for oil spill costs and damages, specifies dates by which vessels must have a double hull, and authorizes the Coast Guard to require tanker escorts in specified waters, among other provisions. Pub. L. 101-380 (Aug. 18, 1990); 104 Stat. 484. In 1998, P.L. 105-383 added a requirement, codified at 46 U.S.C. § 2303a, directing the Coast Guard to establish procedures requiring that alcohol testing be conducted within two hours of a serious marine incident (SMI), or up to eight hours after an SMI if warranted by safety concerns directly related to the casualty.  The Coast Guard has issued implementing regulations in furtherance of these statutes, including tank vessel regulations at 33 C.F.R. Subchapter O, Parts 151-157, Subchapter P, Parts 160-169, and in Title 46 of the C.F.R.

19.    Regulations establishing "limited", "controlled" and "regulated navigation areas" are at 33 C.F.R. Part 165. They place operational requirements on vessels within these specified areas in response to local conditions that are not adequately addressed by more general

-4-

regulations. These include certain requirements for a tug escort or assist tug in the same waters governed by the Oil Spill Act.

20.    Regulations providing manning requirements are at 46 C.F.R. Part 15 and 33 C.F.R. Part 164. The regulations in 33 C.F.R. Part 164 generally apply to self-propelled tanker vessels, including integrated tug tank barge combinations, while the more generally applicable manning regulations in 46 C.F.R. Part 15 apply to other regulated vessels, including tugs towing or pushing tank barges. Each of those categories of tank vessels would be subjected to additional navigation watch and crew requirements under the Oil Spill Act.

21.    Regulations requiring drug and alcohol testing are at 46 C.F.R. Parts 4 and 16. These regulations require marine employers to take all practicable steps after a serious marine incident (SMI) to ensure that chemical testing is conducted. The regulations do not specify a time requirement for completing the tests for alcohol or drugs. The regulations provide specific requirements for carrying breath and urine testing equipment on board certain categories of vessels. 46 C.F.R. § 4.06-20. The Coast Guard is directed by 46 U.S.C. § 2303a to establish procedures requiring that alcohol testing be conducted within two hours of an SMI, or up to eight hours after an SMI if warranted by safety concerns directly related to the casualty.

22.    The United States, acting through its agency the National Oceanic and Atmospheric Administration ("NOAA") and through the Coast Guard, has identified on the NOAA navigational charts for Buzzards Bay a recommended route for vessels to use in transiting Buzzards Bay. See 69 Fed. Reg. 62427, 62428-29 (October 26, 2004). The NOAA Buzzards Bay navigational charts, NOAA navigational charts 13218 and 13230, each include a statement that certain vessels, including tugs and barges, are requested to follow the recommended route at the master's discretion, but specifying that the route is not mandatory. Id. Indeed, these routes are not internationally recognized, nor have they been adopted as mandatory by the United States. Id. The Coast Guard has neither identified nor designated any other routes through Buzzards Bay. Provisions of the Oil Spill Act, as amended, would make mandatory the United States'

-5-

recommended vessel route through Buzzards Bay.

The Massachusetts Oil Spill Act

23.     Sections of the Oil Spill Act legislate in areas committed to the sole discretion of
the United States, are expressly forbidden by federal law, conflict with federal law, and/or
otherwise impede the accomplishment and execution of the full purposes and objectives of
federal law, and are therefore preempted by federal law pursuant to the Supremacy Clause.

24.     The Oil Spill Act requires vessels carrying 6,000 or more barrels of oil in
Massachusetts waters to provide a one billion dollar financial assurance certificate to the state,
but the amount of the certificate may be lowered by defendant DEP if DEP determines, inter alia,
that the vessel has adequate safety equipment on board. 2004 Mass. Acts chapter 251 §2. This
scheme constitutes state regulation of tank vessel safety equipment, which is preempted by
federal law, including 46 U.S.C. § 3703, which governs vessel equipment standards.

25.     The Oil Spill Act requires that non-self-propelled tank vessels carrying 6,000 or
more barrels of oil and entering or transiting specified Massachusetts coastal waters be
accompanied by a tugboat escort. 2004 Mass. Acts chapter 251 § 11 (establishing new
Massachusetts General Laws chapter 21M § 6). It specifies design requirements for tug escorts
(propeller, horsepower, firefighting equipment) and authorizes regulations to establish equipment
and personnel standards for tug escorts. Id. (establishing new Massachusetts General Laws
chapter 21M §§ 1 and 6). These tug escort requirements are preempted by federal law, including
46 U.S.C. §3306 (governing vessel inspection and regulation), PWSA Title I (authorizing the
Coast Guard to regulate tug escorts and other vessel traffic measures), and 33 C.F.R. § 165.100
(regulating tug escort requirements in First Coast Guard District waters, including those of
defendant Commonwealth of Massachusetts covered by the Oil Spill Act).

26.     The Oil Spill Act requires that the crew of an oil tanker tow vessel carrying 6,000
or more barrels of oil and transiting Buzzards Bay include at least one licensed deck officer or
tow vessel operator who serves exclusively as a lookout with no concurrent duties, and a total of

-6-

at least three licensed officers or tow vessel operators. 2004 Mass. Acts chapter 251 § 11 (establishing new Massachusetts General Laws chapter 21M § 4(a)). For single hull oil tank barges equipped to accommodate personnel on board, carrying 6000 or more barrels of oil, and underway, anchored or moored in Buzzards Bay, the Oil Spill Act requires a least two crew members, one of whom is a certified tankerman. Id. (establishing new Massachusetts General Laws chapter 21M § 4(b) and (c)). These manning and operation requirements are preempted by federal law, including 46 U.S.C. § 3703 (governing manning; authorizing and requiring the Coast Guard to establish manning and watchstanding standards), and 33 C.F.R. Part 164.

27.    The Oil Spill Act requires that, for tank vessels operating within Massachusetts waters, chemical tests for evidence of alcohol or drug use must be taken within two hours from all persons directly involved in a serious marine incident and that adequate equipment be carried on board to perform such tests and preserve related evidence. 2004 Mass. Acts chapter 251 § 11 (establishing new Massachusetts General Laws chapter 21M § 3). These chemical testing requirements are preempted by federal law, including 46 U.S.C. §§ 3703 and 2303a, and 46 C.F.R. Parts 4 and 16.

28.    The Oil Spill Act requires that tank vessels operating in Massachusetts waters travel within the recommended vessel route appearing on NOAA charts for Buzzards Bay, or any other recommended vessel routes designated by the Coast Guard. 2004 Mass. Acts chapter 457 § 1 (amending new Massachusetts General Laws chapter 21M § 5). This mandatory vessel routing requirement is preempted by federal law, including 33 U.S.C. § 1223.

29.    The Oil Spill Act prohibits phased-out single hull vessels from docking, loading or unloading in Massachusetts. 2004 Mass. Acts chapter 251 § 11 (establishing new Massachusetts General Laws chapter 21M § 7). This provision is preempted by federal law, including 46 U.S.C. § 3703a.

30.    The Oil Spill Act requires U.S. vessels carrying oil, hazardous material or hazardous waste in bulk as cargo to employ state licensed pilots in specified waters. 2004 Mass.

-7-

Acts chapter 251 §§ 16 and 17. Title 46 U.S.C. § 8501(d) provides that "[a] State may not adopt a regulation that requires a coastwise vessel to take a pilot licensed or authorized by the laws of a State if the vessel is [a Coast Guard inspected vessel]. Any regulation or provision violating this section is void." Tank vessels and towing vessels are subject to Coast Guard inspection under 46 U.S.C. § 3301. All coastwise tank vessels carrying oil or hazardous material in bulk as cargo or cargo residue are inspected by the Coast Guard. The Oil Spill Act state pilot provision is preempted by federal law, and is void pursuant to 46 U.S.C. § 8501(d).

31.    Defendant Commonwealth of Massachusetts, by and through defendants DEP, Romney, and Golledge, has announced that compliance with the disputed portions of the Oil Spill Act is required by law, and has promulgated emergency regulations to implement the Act's tugboat escort requirements. See 314 C.M.R. § 13.00, "Oil Spill Prevention and Response." Defendants have announced that 314 C.M.R. § 13.00 will be expanded to implement other portions of the Act, and the Oil Spill Act is subject to enforcement by defendants.

32.    By reason of the foregoing, the United States has suffered and continues to suffer irreparable harm for which it has no adequate remedy except by this action.

### FIRST CAUSE OF ACTION – VIOLATION OF THE SUPREMACY CLAUSE

33.    Plaintiff incorporates paragraphs 1 through 32 of the Complaint as if fully stated herein.

34.    2004 Mass. Acts chapter 251 § 2 (safety equipment), § 11 (establishing new Massachusetts General Laws chapter 21M, §§ 1 and 6 (tug escorts); § 3 (alcohol and drug testing); § 4 (manning and watchstanding); § 5, as amended by 2004 Mass. Acts chapter 457 § 1 (vessel routing); and, § 7 (single hull vessels)), and §§ 16 and 17 (compulsory pilotage) purport to legislate in areas committed to the sole discretion of plaintiff United States, are expressly forbidden by federal law, conflict with federal law, and/or otherwise impede the accomplishment and execution of the full purposes and objectives of federal law.

35.    2004 Mass. Acts chapter 251 § 2 (safety equipment), § 11 (establishing new

-8-

Massachusetts General Laws chapter 21M, §§ 1 and 6 (tug escorts); § 3 (alcohol and drug testing); § 4 (manning and watchstanding); § 5, as amended by 2004 Mass. Acts chapter 457 § 1 (vessel routing); and, § 7 (single hull vessels)), and §§ 16 and 17 (compulsory pilotage) violate the Supremacy Clause, and are invalid.

### SECOND CAUSE OF ACTION – PREEMPTION UNDER FEDERAL LAW

36.    Plaintiff hereby incorporates paragraphs 1 through 35 of the Complaint as if fully stated herein.

37.    2004 Mass. Acts chapter 251 § 2 (safety equipment), § 11 (establishing new Massachusetts General Laws chapter 21M, §§ 1 and 6 (tug escorts); § 3 (alcohol and drug testing); § 4 (manning and watchstanding); § 5, as amended by 2004 Mass. Acts chapter 457 § 1 (vessel routing); and, § 7 (single hull vessels)), and §§ 16 and 17 (compulsory pilotage) are preempted by federal law, including the Ports and Waterways Safety Act of 1972 (PWSA), Pub. L. 92-340, 86 Stat. 425, as amended by the Port and Tanker Safety Act of 1978, Pub. L. 95-474, 92 Stat. 1471; and 46 U.S.C. §§ 2303a, 3703a, and 8501(d).

### PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests the following relief:

1.    That this Court enter judgment declaring that 2004 Mass. Acts chapter 251 § 2 (safety equipment), § 11 (establishing new Massachusetts General Laws chapter 21M, §§ 1 and 6 (tug escorts); § 3 (alcohol and drug testing); § 4 (manning and watchstanding); § 5, as amended by 2004 Mass. Acts chapter 457 § 1 (vessel routing); and, § 7 (single hull vessels)), and §§ 16 and 17 (compulsory pilotage) are invalid, null, and void;

2.    That this Court enter a permanent injunction, enjoining the Commonwealth of Massachusetts, and its successors, agents, and employees, from enforcing 2004 Mass. Acts chapter 251 § 2 (safety equipment), § 11 (establishing new Massachusetts General Laws chapter 21M, §§ 1 and 6 (tug escorts); § 3 (alcohol and drug testing); § 4 (manning and watchstanding); § 5, as amended by 2004 Mass. Acts chapter 457 § 1 (vessel routing); and, § 7 (single hull

vessels)), and §§ 16 and 17 (compulsory pilotage);

3.    That this Court award the United States its costs in this action; and

4.    That this Court award any other relief it deems just and proper.

DATED this 18th day of January, 2005.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

MICHAEL SULLIVAN
United States Attorney
MARK T. QUINLIVAN
Assistant United States Attorney

ARTHUR R. GOLDBERG
STEVEN Y. BRESSLER D.C. No. 482492
Attorneys, Civil Division
United States Department of Justice
P.O. Box 833
Washington, D.C. 20044
Telephone (202) 514-4781
Facsimile (202) 318-7609
Steven.Bressler@USDOJ.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only)_____

    UNITED STATES OF AMERICA v. COMMONWEALTH OF MASSACHUSETTS

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See
    local rule 40.1(a)(1)).

    [ ]  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [✔] II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

    [ ]  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    [ ]  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    [ ]  V.   150, 152, 153.

    *Also complete AO 120 or AO 121
    for patent, trademark or copyright cases

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

    _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES [ ]    NO [✔]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See
    28 USC §2403)

    YES [ ]    NO [✔]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES [ ]    NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES [ ]    NO [✔]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).

    YES [ ]    NO [ ]

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [ ]      Central Division [ ]      Western Division [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
        agencies, residing in Massachusetts reside?

        Eastern Division [ ]      Central Division [ ]      Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
    yes, submit a separate sheet identifying the motions)

    YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Steven Y. Bressler, Esq., United States Department of Justice, Civil Division
ADDRESS  20 Massachusetts Ave., NW, Washington, D.C. 20001

TELEPHONE NO.  (202) 514-4781

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

THE UNITED STATES OF AMERICA

*IN CLERKS OFFICE*

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

*2005 JAN 18  P 1:2*

*U.S. DISTRICT COURT*
*DISTRICT OF MASS*

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Steven Y. Bressler, Esq., U.S. Department of Justice, Civil Division, 20
Massachusetts Ave., NW, Washington, D.C. 20001, (202) 514-4781

**DEFENDANTS**

THE COMMONWEALTH OF MASSACHUSETTS, et al.

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

*05 10112 JLT*

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S. Constitution Art. VI, Clause 2

Brief description of cause:
Violation of the Supremacy Clause of the Constitution, and preemption under federal law

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE

DOCKET NUMBER

DATE
01/18/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE