UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>  Plaintiff<br><br>  v.<br><br>THE COMMONWEALTH OF MASSACHUSETTS; THE MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION; MITT ROMNEY, in his capacity as Governor of Massachusetts; and ROBERT W. GOLLEDGE, JR., in his capacity as Commissioner of the Massachusetts Department of Environmental Protection<br><br>  Defendants. | Civil Action No. 05-10112 (JLT) |

**UNOPPOSED MOTION OF THE COALITION FOR
BUZZARDS BAY FOR LEAVE TO INTERVENE**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, The Coalition for Buzzards Bay ("The Coalition") hereby respectfully requests leave to intervene as a defendant in this proceeding and requests that the proposed Answer of The Coalition, attached hereto, be deemed filed. In support of its Motion for Leave to Intervene (the "Motion"), The Coalition refers the Court to its Memorandum in Support of its Unopposed Motion For Leave To Intervene and the accompanying Affidavit of Mark Rasmussen. A proposed form of order is attached.

The existing parties to this action do not oppose the intervention of The Coalition.[1]

---

[1] The American Waterways Operators, International Association of Independent Tanker Owners, Chamber of Shipping of America, and BIMCO, who submitted a Motion to Intervene in this proceeding on March 8, 2005, though not currently parties to the case, have also indicated that they do not oppose The Coalition's intervention.

By its attorneys,


/s/ Jonathan M. Ettinger
Jonathan M. Ettinger (BBO #552136)
Elisabeth M. DeLisle (BBO # 658067)
Foley Hoag **LLP**
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
jettinger@foleyhoag.com

Dated: March 31, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>                      Plaintiff<br><br>                v.<br>THE COMMONWEALTH OF<br>MASSACHUSETTS; THE MASSACHUSETTS<br>DEPARTMENT OF ENVIRONMENTAL<br>PROTECTION; MITT ROMNEY, in his capacity<br>as Governor of Massachusetts; and ROBERT<br>W. GOLLEDGE, JR., in his capacity as<br>Commissioner of the Massachusetts Department<br>of Environmental Protection<br><br>                      Defendants. | Civil Action No. 05-10112 (JLT) |

**[Proposed] ORDER**

IT IS HEREBY ORDERED that:

1.    The Unopposed Motion for Leave to Intervene as defendants in this proceeding filed by The Coalition for Buzzards Bay on March 31, 2005, is hereby allowed;

2.    The Coalition's Answer, which was attached to its Motion for Leave to Intervene, shall be deemed filed.

SO ORDERED.

                                                                        The Honorable Joseph L. Tauro
                                                                        U.S. District Court Judge

Dated:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA,          )<br>                                        )<br>                     Plaintiff         )<br>                                        )<br>           v.                           )<br>THE COMMONWEALTH OF                     )<br>MASSACHUSETTS; THE MASSACHUSETTS        )   Civil Action No. 05-10112 (JLT)<br>DEPARTMENT OF ENVIRONMENTAL             )<br>PROTECTION; MITT ROMNEY, in his capacity)<br>as Governor of Massachusetts; and ROBERT)<br>W. GOLLEDGE, JR., in his capacity as    )<br>Commissioner of the Massachusetts Department )<br>of Environmental Protection             )<br>                                        )<br>                     Defendants.       )<br>_____ ) | |

**ANSWER OF THE COALITION FOR BUZZARDS BAY TO PLAINTIFF
UNITED STATES OF AMERICA'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 24(c), The Coalition for Buzzards Bay ("The Coalition") responds to the Complaint for Declaratory and Injunctive Relief of the plaintiff United States of America (the "Complaint") as follows:

1.      The allegations in the first sentence of Paragraph 1 of the Complaint constitute a summary description of plaintiff's asserted cause of action to which no response is required.   To the extent a response is required, the allegations are denied. The second and third sentences of Paragraph 1 of the Complaint constitute conclusions of law to which no response is required.   To the extent a response is required, the allegations are denied.

2.      The allegations contained in Paragraph 2 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

3.      The allegations contained in Paragraph 3 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

4.      The allegations contained in Paragraphs 4 - 6 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

5.      The Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 7 – 11 of the Complaint.

6.      The allegations contained in Paragraphs 12 – 17 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

7.      The allegations contained in the first and second textual sentences of Paragraph 18 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The Coalition denies the allegation contained in the third textual sentence of Paragraph 18 of the Complaint.

8.      The allegations contained in Paragraphs 19-21 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

9. The Coalition admits the allegations in the first textual sentence of Paragraph 22 of the Complaint. The Coalition denies the allegations contained in the second textual sentence of Paragraph 22 of the Complaint except that it admits the existence of NOAA Navigational Charts 13218 and 13230, which documents are in writing and speak for themselves. The Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first independent clause of the third textual sentence of Paragraph 22 of the Complaint and admits the allegations in the second independent clause of that sentence. The Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth textual sentence of Paragraph 22 of the Complaint. The allegations in the fifth textual sentence of Paragraph 22 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

10. The allegations contained in Paragraphs 23 – 30 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

11. The Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 31 - 32.

12. As Paragraph 33 of the Complaint realleges the allegations in Paragraphs 1 – 32 of the Complaint, The Coalition restates and incorporates by reference Paragraphs 1 – 32 of this Answer as if fully set forth herein.

13. The allegations contained in Paragraphs 34-35 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

14. As Paragraph 36 of the Complaint realleges the allegations in Paragraphs 1 – 36 of the Complaint, The Coalition restates and incorporates by reference Paragraphs 1 – 36 of this Answer as if fully set forth herein.

15. The allegations contained in Paragraph 37 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## SECOND DEFENSE

16. The challenged provisions of the Massachusetts statutes at issue are severable from those statutes' other provisions.

By its attorneys,

/s/ Jonathan M. Ettinger
Jonathan M. Ettinger (BBO #552136)
Elisabeth M. DeLisle (BBO # 658067)
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000
jettinger@foleyhoag.com

Dated: March 31, 2005