UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMONWEALTH OF )<br>MASSACHUSETTS, et al., )<br>)<br>Defendants. ) | Civil Action No. 05-10112-JLT |

**FIRST AMENDED ANSWER AND COUNTERCLAIM**

Pursuant to Fed. R. Civ. P. 15(a), the defendants amend their March 21, 2005 Answer as of right by adding the counterclaim set forth below. Pursuant to Fed. R. Civ. P. 8, the defendants respond to the Complaint for Declaratory and Injunctive Relief of the plaintiff United States of America ("Complaint") as follows:

**FIRST DEFENSE**

1. The allegations in the first sentence of Paragraph 1 of the Complaint constitute a summary overview description of the plaintiff's asserted cause of action to which no response is required. The allegations in the second and third sentences of Paragraph 1 constitute conclusions of law to which no response is required.

2. The allegations in Paragraph 2 of the Complaint constitute conclusions of law to which no response is required.

3. The allegations in Paragraph 3 of the Complaint constitute a summary overview of the plaintiffs' requested relief to which no response is required.

4-6. The allegations in Paragraphs 4-6 of the Complaint constitute conclusions of law to which no response is required.

7-11. The defendants admit the allegations in Paragraphs 7-11 of the Complaint.

12-21. The allegations in Paragraphs 12-21 of the Complaint constitute conclusions of law to which no response is required.

22. The defendants admit the allegations in the first textual sentence of Paragraph 22 of the Complaint. The defendants deny the allegations in the second textual sentence of Paragraph 22 except that they admit the existence of NOAA Navigational Charts 13218 and 13230, which documents are in writing and speak for themselves. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first independent clause of the third textual sentence of Paragraph 22 and admit the allegations in the second independent clause of that sentence. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth textual sentence of Paragraph 22. The allegations in the fifth textual sentence of Paragraph 22 constitute conclusions of law to which no response is required.

23-30. The allegations in Paragraphs 23-30 of the Complaint constitute conclusions of law to which no response is required.

31. The defendants admit the allegations in the first textual sentence of Paragraph 31 of the Complaint; further answering, the defendants state that the Commonwealth's position regarding enforcement of the state legislation at issue is as set forth in Governor Romney's November 16, 2004 letter to Coast Guard Commandant Thomas H. Collins and the December 30, 2004 Notice of Department of Environmental Protection's Promulgation of Tugboat Escort

Regulations on an Emergency Basis (as posted on the Department's web site), both of which documents are in writing and speak for themselves. The defendants admit the allegations in the citation sentence and the second textual sentence of Paragraph 31 except that they deny that the section number of the regulation in question is 13.00; further answering, the defendants state that the correct citation is 314 C.M.R. 19.00.

32. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint.

33. As Paragraph 33 of the Complaint realleges the allegations in Paragraphs 1-32, the defendants restate and incorporate by reference Paragraphs 1-32 of this Answer as if fully set forth herein.

34-35. The allegations in Paragraphs 34-35 of the Complaint constitute conclusions of law to which no response is required.

36. As Paragraph 36 of the Complaint realleges the allegations in Paragraphs 1-35, the defendants restate and incorporate by reference Paragraphs 1-35 of this Answer as if fully set forth herein.

37. The allegations in Paragraph 37 of the Complaint constitute conclusions of law to which no response is required.

## SECOND DEFENSE

38. The challenged provisions of the Massachusetts statutes at issue are severable from those statutes' other provisions.

**DEFENDANT COMMONWEALTH OF MASSACHUSETTS' COUNTERCLAIM FOR DECLARATORY, MANDAMUS AND INJUNCTIVE RELIEF FOR FAILURE TO PROMULGATE ALCOHOL TESTING REQUIREMENTS**

Defendant Commonwealth of Massachusetts brings this Counterclaim for declaratory and injunctive relief against the United States Department of Homeland Security and the United States Coast Guard (collectively "the Coast Guard"), and allege as follows:

## JURISDICTION AND VENUE

1. This action arises under the Coast Guard Authorization Act of 1998, 46 U.S.C. 2303a, and the Administrative Procedure Act, 5 U.S.C. § 555.

2. The Court has jurisdiction pursuant to the Administrative Procedure Act, 5 U.S.C. 702, and also pursuant to 28 U.S.C. §§ 1331 and 1361.

3. Venue lies in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b).

4. The Commonwealth brings this Counterclaim both in its own capacity as a sovereign State and to preserve and protect its economic and property interests.

5. The Coast Guard is a military and maritime service within the United States Department of Homeland Security.

6. The United States Department of Homeland Security is an executive department of the United States. Its mission includes, among other things, providing for the safety of the Nation's transportation system. The Secretary of Homeland Security is responsible for implementing, on behalf of the Coast Guard, the alcohol testing requirements contained in 46 U.S.C. 2303a.

## STATEMENT OF THE CLAIM

7.  Unhappy with the failure of the Coast Guard and marine employers to conduct alcohol testing following serious marine casualties, Congress in 1998 set forth its own alcohol testing requirements and directed the Coast Guard to implement them. The Coast Guard Authorization Act of 1998 mandates promulgation of "procedures to ensure that after a serious marine casualty occurs, alcohol testing of crew members or other persons responsible for the operation or other safety sensitive functions of the vessel or vessels involved in such casualty is conducted no later than 2 hours after the casualty occurs." 46 U.S.C. § 2303a(a). Only where such testing cannot be completed within that time due to safety concerns directly related to the casualty may the testing be delayed, and in no event may it occur more than 8 hours after the casualty. 46 U.S.C. § 2303a(b).

8.  The Coast Guard has not complied with this statutory mandate. Existing regulations, which have been in effect since 1988, do not require testing to be performed within two hours. Instead, the regulations allow specimens to be "collected as soon as practicable following the occurrence of a serious marine incident." The regulations do not even require alcohol test kits to be kept on board vessels, as long as the kits "can otherwise be readily obtained within 24 hours from the time of the occurrence of the serious marine incident." 46 CFR 4.06-20.

9.  More than six years have passed since Congress directed the Coast Guard to require meaningful alcohol tests following serious marine casualties. Although the Coast Guard issued a proposed rule more than two years ago that would require such testing, it has yet to issue a Final Rule as required by the law.

10. The Coast Guard has unreasonably delayed promulgation of a rule intended by Congress to protect public health and the environment.

11. The Coast Guard's failure to promulgate the alcohol testing regulations mandated by Congress has harmed and will continue to harm the Commonwealth's economic and proprietary interests. In the absence of adequate alcohol testing, the risk of serious marine incidents, including those resulting in oil spills, is much greater. The 2-hour alcohol testing requirement will deter crew members or other persons responsible for the operation or other safety sensitive functions on marine vessels from consuming alcohol on the job, and will help prevent those who drink on duty from endangering public safety and welfare. It will also give the Coast Guard and other regulators information to evaluate the role that alcohol plays in causing serious marine incidents. This crucial data is currently lacking. For example, we will never know whether alcohol played a role in causing the devastating Buzzards Bay oil spill of April 27, 2003. That event contaminated 93 miles of shoreline and devastated a diverse community of wildlife, killing 461 birds and shutting down more than 180,000 acres of shellfish beds. The spill harmed habitats for endangered species, jeopardized the livelihood of citizens employed in the local fisheries, and interrupted our tourism and recreation industries. Yet alcohol testing of the crew was not performed until a full 18 hours had elapsed after the incident, and was therefore of little to no value. The failure of the Coast Guard to ensure adequate testing has impaired its ability to prevent recurrence of such events.

## CAUSE OF ACTION - VIOLATION OF THE APA

12. The Commonwealth incorporates paragraphs 1 through 11 of this Counterclaim as if fully stated herein.

13.     The Coast Guard's actions, as described in paragraphs 1-11, violate the Administrative Procedure Act ("APA"), which requires an agency to act "within a reasonable time," 5 U.S.C. § 555(b), and authorizes reviewing courts to "compel agency action unlawfully withheld" or "unreasonably delayed." Telecommunications Research and Action Center v. Federal Communications Commission, 750 F.2d 70, 76-77 (D.C. Cir. 1984).

## PRAYER FOR RELIEF

WHEREFORE, the Commonwealth respectfully requests the following relief:

Wherefore, the plaintiffs pray for the following relief:

A.  A declaratory judgment that the Coast Guard and the Department of Homeland Security have violated the Administrative Procedure Act by failing to adopt a Final Rule that establishes procedures for alcohol testing following a serious marine casualty in compliance with 46 U.S.C. § 2303a.

B.  An injunction requiring the Coast Guard and the Department of Homeland Security to establish procedures for alcohol testing following a serious marine casualty in compliance with 46 U.S.C. § 2303a.

C.  In the alternative to the relief requested in subparagraph (B), a writ of mandamus compelling the Coast Guard and the Department of Homeland Security to carry out their nondiscretionary duty to establish procedures for alcohol testing following a serious marine casualty in compliance with 46 U.S.C. § 2303a forthwith.

D.  Costs and attorney fees as authorized by the Equal Access to Justice Act, 28 U.S.C. §§ 2412.

E.  Such other and further relief as the Court may deem proper.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

*/s/ Nora J. Ch___*

Pierce O. Cray, BBO # 104630
Nora Chorover, BBO # 547352
Assistant Attorneys General
One Ashburton Place
Boston, MA 02108
(617) 727-2200

Dated: April 11, 2005

## CERTIFICATE OF SERVICE

I, Nora Chorover, hereby certify that on April 11, 2005, I caused a true and accurate copy of the above document to be sent by First Class Mail, postage pre-paid, to

Steven Y. Bressler
Attorney, Civil Division
United States Department of Justice
P.O. Box 833
Washington, DC 20044

*/s/ Nora J. Ch___*
Nora Chorover

-8-