UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>          v.<br><br>THE COMMONWEALTH OF<br>MASSACHUSETTS, et al.<br><br>               Defendants, and<br><br>THE COALITION FOR BUZZARDS BAY,<br><br>               Intervenor-Defendant<br><br>THE AMERICAN WATERWAYS OPERATORS, et al.<br><br>               Intervenor-Plaintiff<br><br>          v.<br><br>MITT ROMNEY, Governor of Massachusetts, et al.<br><br>               Defendants | Civil Action No. 05-10112 JLT |

**FIRST AMENDED ANSWER AND COUNTERCLAIM
<u>OF THE COALITION FOR BUZZARDS BAY</u>**

Pursuant to Fed. R. Civ. P. 15(a), The Coalition for Buzzards Bay ("The Coalition") amends its Answer by adding the counterclaim set forth below. Pursuant to Fed. R. Civ. P. 24(c), The Coalition for responds to the Complaint for Declaratory and Injunctive Relief of the plaintiff United States of America (the "Complaint") as follows:

**FIRST DEFENSE**

1. The allegations in the first sentence of Paragraph 1 of the Complaint constitute a summary description of plaintiff's asserted cause of action to which no response is required. To the extent a response is required, the allegations are denied. The second and third sentences of Paragraph 1 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

2. The allegations contained in Paragraph 2 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

3. The allegations contained in Paragraph 3 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

4. The allegations contained in Paragraphs 4 - 6 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

5. The Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 7 – 11 of the Complaint.

6. The allegations contained in Paragraphs 12 – 17 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

7. The allegations contained in the first and second textual sentences of Paragraph 18 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. The Coalition denies the allegation contained in the third textual sentence of Paragraph 18 of the Complaint.

8. The allegations contained in Paragraphs 19-21 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

9. The Coalition admits the allegations in the first textual sentence of Paragraph 22 of the Complaint. The Coalition denies the allegations contained in the second textual sentence of Paragraph 22 of the Complaint except that it admits the existence of NOAA Navigational Charts 13218 and 13230, which documents are in writing and speak for themselves. The Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first independent clause of the third textual sentence of Paragraph 22 of the Complaint and admits the allegations in the second independent clause of that sentence. The Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth textual sentence of Paragraph 22 of the Complaint. The allegations in the fifth textual sentence of Paragraph 22 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

10. The allegations contained in Paragraphs 23 – 30 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

11. The Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 31 - 32.

12. As Paragraph 33 of the Complaint realleges the allegations in Paragraphs 1 – 32 of the Complaint, The Coalition restates and incorporates by reference Paragraphs 1 – 32 of this Answer as if fully set forth herein.

13.     The allegations contained in Paragraphs 34-35 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

14.     As Paragraph 36 of the Complaint realleges the allegations in Paragraphs 1 – 36 of the Complaint, The Coalition restates and incorporates by reference Paragraphs 1 – 36 of this Answer as if fully set forth herein.

15.     The allegations contained in Paragraph 37 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

### SECOND DEFENSE

16.     The challenged provisions of the Massachusetts statutes at issue are severable from those statutes' other provisions.

### THE COALITION FOR BUZZARDS BAY'S COUNTERCLAIM FOR DECLARATORY, INJUNCTIVE AND MANDAMUS RELIEF FOR FAILURE TO PROMULGATE ALCOHOL TESTING REQUIREMENTS

The Coalition for Buzzards Bay (the "Coalition") brings this Counterclaim for declaratory and injunctive relief against the United States Department of Homeland Security and the United States Coast Guard (collectively "the Coast Guard"), and alleges as follows:

1.     This action arises under the Coast Guard Authorization Act of 1998, 46 U.S.C. § 2303a, and the Administrative Procedure Act, 5 U.S.C. § 555.

2.     This Court has jurisdiction pursuant to the Administrative Procedure Act, 5 U.S.C. § 702, and also pursuant to 28 U.S.C. §§ 1331 and 1361.

3.     Venue lies in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b).

4.     The Coalition, founded in 1987, is a non-profit membership organization dedicated to the restoration, protection, sustainable use and enjoyment of Buzzards Bay.  The

Coalition currently has more than 4,000 individual, family, business and organizational members and volunteers. The Coalition brings this Counterclaim on behalf of its adversely affected members to require the Coast Guard to comply with the statutory mandate of 46 U.S.C. § 2303a. The vast majority of The Coalition's members use Buzzards Bay and its shoreline for a variety of recreational and commercial purposes. Such uses of Buzzards Bay are threatened by the Coast Guard's failure to comply with the statutory mandate of 46 U.S.C. § 2303a.

5. The Coast Guard is a military and maritime service within the United States Department of Homeland Security.

6. The United States Department of Homeland Security is an executive department of the United States. Its mission includes, among other things, providing for the safety of the Nation's transportation system. The Secretary of Homeland Security is responsible for implementing, on behalf of the Coast Guard, the alcohol testing requirements contained in 46 U.S.C. § 2303a.

## STATEMENT OF THE CLAIM

7. In 1998 Congress, through the Coast Guard Authorization Act of 1998 (the "Act"), established alcohol testing requirements and directed the Coast Guard to implement them. The Act mandates promulgation of "procedures to ensure that after a serious marine casualty occurs, alcohol testing of crew members or other persons responsible for the operation or other safety sensitive functions of the vessel or vessels involved in such casualty is conducted no later than 2 hours after the casualty occurs." 46 U.S.C. § 2303a(a). Only when such testing cannot be completed within that time due to safety concerns directly related to the casualty may the testing be delayed, and in no event may it occur more than 8 hours after the casualty. 46 U.S.C. §2303a(b).

8. To date, the Coast Guard has failed to comply with this statutory mandate. Existing regulations in effect since 1988 do not require that testing be performed within 2 hours. Rather, under existing regulations, specimens may be "collected as soon as practicable following the occurrence of a serious marine incident."

9. More than six years have passed since Congress, through the Act, directed the Coast Guard to require alcohol tests no later than 2 hours following a serious marine casualty. Although the Coast Guard issued a proposed rule more than two years ago that would require such testing, it has yet to issue a final rule as required by the law.

10. The Coast Guard has unreasonably delayed promulgation of a rule intended by Congress to protect public health and the environment.

11. The Coast Guard's failure to promulgate the alcohol testing regulations mandated by Congress has harmed and will continue to harm The Coalition's members' use and enjoyment of Buzzards Bay.  Without adequate alcohol testing, the risk of serious marine incidents resulting in oil spills in Buzzards Bay is increased.  Implementation of the 2-hour testing requirement would deter crew members and others responsible for operation or safety sensitive functions on marine vessels from consuming alcohol while on the job, thus reducing the likelihood of a serious marine incident resulting in an oil spill in Buzzards Bay.  Implementation would also help regulators understand the role that alcohol plays in marine incidents in Buzzards Bay.

12. With an average width of only 8 miles, an average depth of only 36 feet, and both ends marked with dangerous ledges, reefs and currents, Buzzards Bay poses many hazards to navigation.  Despite these hazards, an estimated 2 billion gallons of oil is transported through Buzzards Bay each year.

13. Implementation of the 2 hour testing requirement would help to prevent the recurrence of an event such as the Bouchard Barge-120 Oil Spill, which on April 27, 2003 released an estimated 98,000 gallons of heavy, viscous No. 6 oil in the waters of Buzzards Bay.

   a. The Bouchard Barge-120 Oil Spill fouled approximately 93 miles of the Bay's shoreline, closed public and private beaches, caused the deaths of nearly 500 protected birds, restricted fishing activities and contaminated thousands of acres of shellfish beds.

   b. The devastating consequences of the event severely impacted the Coalition's members' use and enjoyment of Buzzards Bay.

   c. Because alcohol testing of the crew was not performed until a full 18 hours after the incident, the testing to determine whether alcohol had played a role in the Bouchard Barge-120 Oil Spill was of little or no value.

## CAUSE OF ACTION - VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

14. The Coalition incorporates paragraphs 1 through 13 of this Counterclaim as if fully set forth herein.

15. The Coast Guard's actions, as described in Paragraphs 1-13, violate the Administrative Procedure Act ("APA"), which requires an agency to act "within a reasonable time," 5 U.S.C. § 555(b), and authorizes reviewing courts to "compel agency action unlawfully withheld" or "unreasonably delayed." Telecommunications Research and Action Center v. Federal Communications Commission, 750 F.2d 70, 76-77 (D.C. Cir. 1984).

## PRAYER FOR RELIEF

WHEREFORE, The Coalition respectfully requests the following relief:

1. A declaratory judgment that the Coast Guard and the Department of Homeland Security have violated the Administrative Procedure Act by failing to adopt a final rule that establishes procedures for alcohol testing following a serious marine casualty in compliance with 46 U.S.C. § 2303a.

2. An injunction requiring the Coast Guard and the Department of Homeland Security to establish procedures for alcohol testing following a serious marine casualty in compliance with 46 U.S.C. § 2303a.

3. In the alternative to the relief requested in subparagraph (2), a writ of mandamus compelling the Coast Guard and the Department of Homeland Security to carry out their nondiscretionary duty to establish procedures for alcohol testing following a serious marine casualty in compliance with 46 U.S.C. § 2303a forthwith.

4. Costs and attorney fees as authorized by the Equal Access to Justice Act, 28 U.S.C. §§ 2412.

5. Such other and further relief as the Court may deem proper.

By its attorneys,

/s/ Jonathan M. Ettinger
Jonathan M. Ettinger (BBO #552136)
Elisabeth M. DeLisle (BBO # 658067)
Foley Hoag **LLP**
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000
jettinger@foleyhoag.com

Dated: May 11, 2005