UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civil Action No. 05-10112 JLT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| COMMONWEALTH OF ) | |
| MASSACHUSETTS, et al., ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO INTERVENORS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Pursuant to Fed. R. Civ. P. 8, the defendants Mitt Romney, in his capacity as Governor of Massachusetts, and Robert W. Golledge, Jr., in his capacity as Commissioner of the Massachusetts Department of Environmental Protection (collectively "defendants"), respond to the Intervenors' Complaint for Declaratory and Injunctive Relief ("Complaint") as follows:

### FIRST DEFENSE

1.   The allegations in the first sentence of Paragraph 1 of the Complaint constitute a summary overview description of the asserted cause of action of the plaintiffs-intervenors ("intervenors") to which no response is required. The allegations in the remaining sentences of Paragraph 1 constitute conclusions of law to which no response is required.

2.   The allegations in Paragraph 2 of the Complaint constitute conclusions of law to which no response is required.

3. The allegations in Paragraph 3 of the Complaint constitute a summary overview of the intervenors' requested relief to which no response is required.

4-6. The allegations in Paragraphs 4-6 of the Complaint constitute conclusions of law to which no response is required.

7-10. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 7-10 of the Complaint.

11-12. The defendants admit the allegations in Paragraphs 11-12 of the Complaint.

13-22. The allegations in Paragraphs 13-22 of the Complaint constitute conclusions of law to which no response is required.

23. The defendants admit the allegations in the first textual sentence of Paragraph 23 of the Complaint. The defendants deny the allegations in the second textual sentence of Paragraph 23 except that they admit the existence of NOAA Navigational Charts 13218 and 13230, which documents are in writing and speak for themselves. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first independent clause of the third textual sentence of Paragraph 23 and admit the allegations in the second independent clause of that sentence. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth textual sentence of Paragraph 23. The allegations in the fifth textual sentence of Paragraph 23 constitute conclusions of law to which no response is required.

24-31. The allegations in Paragraphs 24-31 of the Complaint constitute conclusions of law to which no response is required.

32. The defendants admit the allegations in the first textual sentence of Paragraph 32 of the Complaint. The defendants admit the allegations in the second textual sentence of Paragraph 32; further answering, the defendants state that the Commonwealth's position regarding enforcement of the state legislation at issue is as set forth in Governor Romney's November 16, 2004 letter to Coast Guard Commandant Thomas H. Collins and the December 30, 2004 Notice of Department of Environmental Protection's Promulgation of Tugboat Escort Regulations on an Emergency Basis (as posted on the Department's web site), both of which documents are in writing and speak for themselves. The defendants admit the allegations in the citation sentence and the third textual sentence of Paragraph 31 except that they deny that the section number of the regulation in question is 13.00; further answering, the defendants state that the correct citation is 314 C.M.R. 19.00.

33. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint.

34. As Paragraph 34 of the Complaint realleges the allegations in Paragraphs 1-33, the defendants restate and incorporate by reference Paragraphs 1-33 of this Answer as if fully set forth herein.

35-36. The allegations in Paragraphs 35-36 of the Complaint constitute conclusions of law to which no response is required.

37. As Paragraph 37 of the Complaint realleges the allegations in Paragraphs 1-36, the defendants restate and incorporate by reference Paragraphs 1-36 of this Answer as if fully set forth herein.

38.   The allegations in Paragraph 38 of the Complaint constitute conclusions of law to which no response is required.

## SECOND DEFENSE

39.   The challenged provisions of the Massachusetts statutes at issue are severable from those statutes' other provisions.

                                              Respectfully submitted,

                                              THOMAS F. REILLY
                                              ATTORNEY GENERAL

                                              Pierce O. Cray, BBO # 104630
                                              Nora Chorover, BBO # 547352
                                              Assistant Attorneys General
                                              One Ashburton Place
                                              Boston, MA 02108
                                              (617) 727-2200

Dated:  May 25, 2005

## CERTIFICATE OF SERVICE

I, Pierce O. Cray, hereby certify that on May 25, 2005, I caused a true and accurate copy of the above document to be sent by First Class Mail, postage pre-paid, to

Steven Y. Bressler
Attorney, Civil Division
United States Department of Justice
P.O. Box 833
Washington, DC 20044

George J. Skelly
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110

C. Jonathan Benner
Troutman Sanders LLP
401 9th Street, Suite 1000
Washington, D.C. 2004

Jonathan M. Ettinger
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210

_____
Pierce O. Cray
Assistant Attorney General