UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
THE UNITED STATES OF AMERICA,               )
                                            )
            Plaintiff,                      )
      v.                                    )
                                            )
THE COMMONWEALTH OF                         )
MASSACHUSETTS, et al.                       )   Civil Action No. 05-10112 JLT
                                            )
            Defendants,  and                )
                                            )
THE COALITION FOR BUZZARDS BAY,             )
                                            )
            Intervenor-Defendant            )
_____)
                                            )
THE AMERICAN WATERWAYS OPERATORS,           )
et al.                                      )
            Intervenor-Plaintiff            )
      v.                                    )
                                            )
MITT ROMNEY, Governor of Massachusetts, et al. )
                                            )
            Defendants                      )
_____)

**DEFENDANTS' AND INTERVENOR-DEFENDANT'S
JOINT MOTION FOR ENLARGEMENT OF TIME**

Pursuant to Local Rule 7.1(B)(2), the defendants Commonwealth of Massachusetts et al. (collectively "Commonwealth") and the intervenor-defendant Coalition for Buzzards Bay ("Coalition") jointly move for an enlargement of time until Friday, July 22, 2005 to file their oppositions to Plaintiff's Motion for Judgment on the Pleadings, Plaintiff's Motion for Summary Judgment, and Intervenor-Plaintiffs' Motion for Judgment on the Pleadings.  The Commonwealth and the Coalition each seek to file consolidated oppositions responding to Plaintiff's and Intervenor-Plaintiffs' Motions for Judgment on the Pleadings and, to the extent

Case 1:05-cv-10112-RCL     Document 31     Filed 06/24/2005     Page 2 of 5

appropriate, Plaintiffs' Motion for Summary Judgment, on July 22.  The intervenor-plaintiffs American Waterways Operators et al. (collectively "Industry") assent to this Motion as regards Intervenor-Plaintiffs' Motion for Judgment on the Pleadings and do not oppose it as regards Plaintiff's Motion for Judgment on the Pleadings and Plaintiff's Motion for Summary Judgment.  The plaintiff and defendant-in-counterclaim United States of America ("United States") assents to this Motion as regards Intervenor-Plaintiffs' Motion for Judgment on the Pleadings but opposes it as regards the United States's own two dispositive motions.

As grounds for their Joint Motion, the Commonwealth and Coalition state:

1. The United States's and Industry's Complaints assert that numerous provisions of a duly enacted Massachusetts statute regulating the transportation of oil through the Commonwealth's waters, Mass. Stat. 2004, c. 251, are preempted by federal law and hence invalid.  The Commonwealth's and Coalition's Counterclaims challenge the United States Coast Guard's excessive delay in complying with a Congressional mandate to promulgate regulations that require, similar to one of the challenged sections in the state statute, alcohol testing of a ship's crew within two hours of an oil spill.  Both the Complaints and the Counterclaims raise numerous complicated issues of federal maritime, administrative, and preemption law.

2. The United States filed its two dispositive motions on May 26, 2005.  At that time, the Industry indicated its intent to file its own motion for judgment on the pleadings on or immediately after June 3, 2005.  The Commonwealth and the Coalition each intended to file consolidated oppositions responding to the two motions for judgment on the pleadings and, to the extent appropriate, the motion for summary judgment as well, and all parties to the case agreed to enlarge the opposition periods for all motions through June 29.  The Court thereafter allowed a Joint Motion to that effect.

2

3.      The Industry ended up not being able to file its Motion for Judgment on the Pleadings until yesterday, June 23, almost three weeks later than anticipated and only six days before the current date for the Commonwealth and Coalition to respond to both the United States's motions and the Industry's motion.  The Industry recognizes its delay and quite courteously assents to the present Motion to Enlarge as regards its own dispositive motion and does not oppose it as regards the United States's two motions.

4.      The Commonwealth and the Coalition each continue to want to file consolidated oppositions responding to the motions for judgment on the pleadings and, to the extent appropriate, the motion for summary judgment, so that the Court will have fewer oppositions to read than the six it would have before it if the Commonwealth and the Coalition were to file separate oppositions to each of the pending dispositive motions.  Consolidated oppositions will eliminate needless duplication in presentation and will promote the efficient resolution of this matter by both the parties and the Court.  Because the United States's and Industry's Rule 12(c) motions address the same issues but have some nuanced differences in how they approach them, counsel for the Commonwealth and Coalition need a reasonable period of time with both motions to prepare meaningful consolidated responses to them.  The six days between the June 23 filing of the Industry's motion and the current June 29 deadline for responding to all of the pending motions is plainly inadequate in this regard, particularly given the highly complicated nature of the legal issues raised and the at-times subtle variances in the United States's and Industry's presentations.

5.      Counsel for the Coalition have previously scheduled summer vacations in the period immediately following June 29.  Specifically, both counsel for the Coalition will be out

from July 2 until July 11.  The requested enlargement will accommodate these previously planned periods away from the office.

6.      Only last week, lead counsel for the Commonwealth learned for the first time that his office will be moved to "swing space" in another building on either June 29, June 30, or July 1 because of renovations to his current facility.  Lead counsel has had the same office since early 1993 and handles multiple major cases with extensive filing demands.  As a result, he has had to devote much time over the last week to preparing for his sudden office move.  The requested enlargement will accommodate this unexpected but large-scale disruption as well.

7.      Both the Commonwealth and the Coalition recognize that this case is a matter of considerable public importance that needs to be litigated with diligence and reasonable promptness.  However, the matter does not require exceptional speed in resolution, as the actions of both the United States and the Industry themselves demonstrate.  While some of the challenged portions of the state statute at issue have been in effect since August 2004, the United States did not file its action until January 18, 2005, and the Industry did not move to intervene until March 8, despite the fact that its members are the ones most directly affected by the challenged legislation.  The United States similarly could have filed its Motion for Judgment on the Pleadings against the Commonwealth as soon as the Commonwealth answered on March 22, see Fed. R. Civ. P. 12(c), but it waited until May 26 to do so, a period of more than two months that in fact exceeds the time between the United States's filing and the July 22 opposition date requested here.  The Industry for its part did not file its Rule 12(c) motion until yesterday, June 23.  The United States and the Industry have been in no way remiss in this pace; it is fully consistent with a major case that deserves reasonable promptness in resolution but does not necessarily demand breakneck speed.  The Commonwealth and Coalition are simply seeking the

4

opportunity to respond in the same diligent and reasonably prompt manner, with an approach that reduces duplication of effort and minimizes the number of briefs required.

For the foregoing reasons, the Commonwealth and the Coalition respectfully request that the Court allow Defendants' and Intervenor-Defendant's Joint Motion for Enlargement of Time.

| For the defendants, | For the intervenor-defendant, |
|---|---|
| THOMAS F. REILLY<br>ATTORNEY GENERAL | |
| /s/ Pierce O. Cray (with permission<br>       /s/ Jonathan M. Ettinger)<br>Pierce O. Cray, BBO # 104630<br>Nora Chorover, BBO # 547352<br>Assistant Attorneys General<br>One Ashburton Place<br>Boston, MA 02108<br>(617) 727-2200 | /s/ Jonathan M. Ettinger<br>Jonathan M. Ettinger, BBO #552136<br>Elisabeth M. DeLisle, BBO #658067<br>Foley Hoag LLP<br>Seaport World Trade Center West<br>155 Seaport Boulevard<br>Boston, MA 02210<br>(617) 832-1000 |

Dated:   June 24, 2005

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I certify that I conferred with counsel for the United States on June 23, 2005 and that counsel for the Commonwealth and I conferred with counsel for United States on June 24, 2005 and attempted in good faith to resolve or narrow the issues presented in this Motion, with the result that counsel for the United States does not oppose this Motion as regards Intervenor-Plaintiffs' Motion for Judgment on the Pleadings but opposes it as regards Plaintiff's Motion for Judgment on the Pleadings and Plaintiff's Motion for Summary Judgment.   I further certify that I am informed by counsel for the Commonwealth that he conferred with counsel for the intervenor-plaintiffs on June 23, 2005 and that counsel for the intervenor- plaintiffs has assented to this Motion as regards Intervenor-Plaintiffs' Motion for Judgment on the Pleadings and does not oppose it as regards Plaintiff's Motion for Judgment on the Pleadings and Plaintiff's Motion for Summary Judgment.

 /s/ Jonathan M. Ettinger
Jonathan M. Ettinger