UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 05-10112 JLT |
| | ) |
| v. | ) |
| | ) |
| THE COMMONWEALTH OF MASSACHUSETTS, *et al.* | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' SECOND MOTION FOR ENLARGEMENT OF TIME**

Defendants the Commonwealth of Massachusetts, et al., and Intervenor-Defendant the Coalition for Buzzards Bay (collectively hereinafter, "Defendants") moved this Court on June 2, 2005 for an enlargement of time in which to respond to Plaintiff the United States of America's motions for judgment on the pleadings as to its claims under Rule 12©, and for summary judgment as to Defendants' counterclaim under Rule 56. The United States did not oppose that motion for an extension, but undersigned counsel for Plaintiff informed counsel for Defendants that Plaintiff would oppose any further extensions. Nonetheless, Defendants now seek another extension until July 23. They argue this is justified because Intervenor-Plaintiffs the American Waterway Operators, et al., have filed (later than expected) their own motion for judgment on the pleadings. Intervenor-Plaintiffs' motion, however, contains no surprises: it follows and adopts the United States' Rule 12(c) arguments, while it has no bearing on (and is wholly unrelated to) the United States' separate Rule 56 arguments as to Defendants' counterclaim. Because Intervenor-Plaintiffs' motion thus does not require further delay in adjudicating the United States' motions, and because such delay would prejudice the United States, Plaintiff opposes, in part, Defendants' second motion for enlargement of time.

On January 18, 2005, the United States brought its Complaint in this action seeking declaratory and injunctive relief against those portions of a recent Massachusetts statute (the "Tanker Law") that are preempted by federal law, compromise the United States' authority in conducting its maritime and foreign affairs, and violate the Supremacy Clause of the U.S. Constitution.  See generally Compl.  As stated in that Complaint, "the United States has suffered and continues to suffer irreparable harm" as a result of the Commonwealth's enactment and continued enforcement of the unconstitutional provisions of state law.  Id. ¶ 32.

Nonetheless, in the interests of comity the United States agreed to a waiver of service on the part of the Commonwealth, thus enlarging its time to respond to the Complaint from 20 to 60 days.[1]  The United States did not oppose the motions to intervene into this matter [D.E. Nos. 6 & 12].  Nor did it oppose the Defendants' and Intervenor-Defendant's first motion for an enlargement of time in which to respond to the United States' Motion for Judgment on the Pleadings and its Motion for Summary Judgment on Defendants' Counterclaim,[2] from the Local Rules deadline of June 6 until June 29.  The purported basis for that first motion for enlargement of time was the need for additional time to respond to the United States' arguments and the press of other business on counsel for Defendants and Intervenor-Defendant.  See Defs.' First Motion for Enlargement of Time [D.E. No. 28] at 2.  The Court granted that motion, and so counsel have had all the extra time they sought: by their June 29 deadline, they will have had over five weeks to review and respond to the United States' dispositive motions as to its claims and as to Defendants' counterclaim.  Moreover, Defendants have been aware of the substance of Plaintiff's arguments as to the unconstitutionality of the state law in question not merely for the six month

---

[1]    The Commonwealth amended its original answer 20 days after it was filed, pursuant to Rule 15.  Accordingly, its amended answer and counterclaim was filed with the Court 80 days after the United States' complaint.  On May 11, 2005, Intervenor-Defendant also amended its original answer, which was filed of record on April 20, 2005.

[2]    Defendants twice state in their second motion for enlargement of time that the United States' dispositive motions were filed on May 26, 2005; in fact, the motions and related papers were filed on May 23.

pendency of Plaintiff's Complaint, but for over one year since the United States first informed the Commonwealth of its concerns.[3]

Yet Defendants and Intervenor-Defendant now seek to further delay adjudication of the United States' motions ostensibly because Intervenor-Plaintiffs only recently filed their own Rule 12 © motion. Defendants argue that a consolidated response to both 12© motions will promote judicial economy. See Defs.' Second Motion for Enlargement of Time [D.E. No. 31] ("Defs' 2d Extension Mot.") at 3. Notwithstanding Defendants' claim that there are unspecified "subtle" differences of "nuance[]," however, see Defs' 2d Extension Mot. at 3, Intervenor-Plaintiffs do not propound new arguments beyond those raised by Plaintiff. Indeed, Intervenor-Plaintiffs' memorandum of law, though nominally in support of their own, identical motion, acts also as a response brief in support of the United States' Rule 12© motion. Such a brief could have been filed on the same date as Defendants' responses in opposition, with no opportunity for Defendants to reply by right. Nonetheless, the United States shares Defendants' desire to conserve the resources of the Court as well as the parties; therefore, Plaintiff offered to support a request by Defendants to file a consolidated response to the Rule 12© motions on or before July 7, the Local Rules deadline for Defendants to respond to Intervenor-Plaintiffs. Defendants rejected that offer. Similarly, the United States offered to agree to a lengthier briefing schedule if the Commonwealth would agree to stay enforcement of the disputed Tanker Law provisions in order to mitigate the ongoing and irreparable harm to the United States' interests. Counsel for the Commonwealth, et al. also rejected that offer. Thus, Defendants insist upon an extension that would further and unnecessarily delay resolution of the United States' claims.

---

[3] In Spring of 2004, the United States informed the Commonwealth that portions of the then-proposed Tanker Act were invalid under federal statutes and regulations, the Supreme Court's decision in United States v. Locke, 529 U.S. 89 (2000), and related caselaw. (Further, upon information and belief, Intervenor-Plaintiffs raised those same arguments at the same time.) The United States continued communicating with the Commonwealth, first via the Coast Guard and then the Department of Justice, in an effort to avoid this litigation through the remainder of 2004 and into January 2005. Defendants' allegation that Plaintiff acted with lassitude by filing this action in January, when it could have been brought last August, is therefore specious; the United States spent that time attempting to settle the matter rather than bring suit.

As discussed above, Intervenor-Plaintiffs' recent Rule 12© motion as to its claims (which are identical to the United States' claims, <u>compare</u> Compl. [D.E. No. 1] and Intervenor Compl. [D.E. No. 19]) does not justify the delay sought by Defendants in responding to Plaintiff's own Rule 12© motion.  It also does nothing to justify the requested enlargement of time to respond to the United States' motion for summary judgment as to Defendants' counterclaim.  Intervenor-Plaintiffs do not mention the counterclaim in their motion or supporting memorandum, and, indeed, they are not a party to it.  Moreover, the counterclaim is factually and legally distinct from the United States' claims.  While Defendants are careful to note that they would combine their arguments concerning their own counterclaim and the United States' claims "to the extent appropriate," <u>see</u> Defs.' 2d Extension Mot. At 3, that does not change the fact that the counterclaim is totally unrelated to the original claims in this action.  Thus, Defendants have failed to justify their request for an enlargement of time to respond to Plaintiff's motion for summary judgment as to Defendants' counterclaim.

For the foregoing reasons, the Court should deny the Defendants' second motion for enlargement of time as to the United States' motions filed under Rules of Civil Procedure 12© and 56.

//
//
//
//
//
//
//
//
//
//

DATED this 27th day of June, 2005.

                                              Respectfully Submitted,

| | |
|---|---|
| RADM John E. Crowley<br>Judge Advocate General | PETER D. KEISLER<br>Assistant Attorney General |
| CAPT William D. Baumgartner<br>Robert W. Bruce<br>Andrew J. Turner<br>Attorneys<br>U.S. Coast Guard | MICHAEL SULLIVAN<br>United States Attorney<br>MARK T. QUINLIVAN<br>Assistant United States Attorney |
| OF COUNSEL | **/s/ Steven Y. Bressler**<br>ARTHUR R. GOLDBERG D.C.B. 180661<br>STEVEN Y. BRESSLER D.C.B. 482492<br>Attorneys, Civil Division<br>United States Department of Justice<br>P.O. Box 833<br>Washington, D.C. 20044<br>Telephone (202) 514-4781<br>Facsimile (202) 318-7609<br>Steven.Bressler@USDOJ.gov |