UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Civil Action No. 05-10112 JLT |
| v. | ) |
| THE COMMONWEALTH OF MASSACHUSETTS, *et al.* | ) |
| Defendants. | ) |

**JOINT STATEMENT**

Pursuant to Fed. R. Civ. P. 16(b), Local Rule 16.1(D) and this Court's Notice of Scheduling Conference dated January 23, 2006, the parties submit this Joint Statement setting forth their proposed discovery plans, motion schedules, and certifications.

**I.   Proposed Pretrial Schedule:**

The parties have been unable to reach agreement on a proposed pretrial schedule because they differ on whether the Court should consider dispositive motions by Plaintiff and Intervenor-Plaintiffs (collectively "Plaintiffs") before any further discovery is conducted.

**Plaintiffs' Position:**

Plaintiffs propose that a short period for briefing and arguing dispositive motions concerning questions of law, not fact, would be appropriate and extremely beneficial to "a realistic assessment of the case." Local Rule 16.1. Plaintiffs believe that their claims may be resolved solely on the basis of the United States Constitution, the law of the Commonwealth, federal statutes and regulations, and related information amenable to judicial notice. Accordingly, Plaintiffs propose to file dispositive motions for judgement as a matter of law on March 2, 2006. Cf. Docket Entry Nos. 22 & 29 (Plaintiffs' Motions for Judgment on the

Pleadings), denied without prejudice by the Court on January 23, 2006. Plaintiffs believe that resolution of the Motions should dispose of this case in its entirety; at a minimum, Plaintiffs submit that identification and resolution of issues that may be decided as questions of law will significantly limit, if not eliminate, the need for and scope of subsequent discovery. Therefore, Plaintiffs respectfully request that the Court adopt a schedule that permits prompt resolution of legal issues prior to the commencement of discovery beyond those disclosures that the Court has already ordered.

**Defendants' Position:**

Defendants and Intervenor-Defendant (collectively "Defendants") propose a schedule in which discovery commences immediately, with any appropriate summary judgment motion filed after completion of discovery. Plaintiffs have already had the opportunity they now request to address their legal arguments prior to discovery, in the context of previously filed Motions for Judgment on the Pleadings that saw no less than four rounds of briefing consisting of more than 150 pages of legal memoranda. After considering these Rule 12(c) motions, this Court denied them without prejudice and entered a Discovery Order, thereby putting the case on track for fact development and reserving any legal issues until the completion of that fact development. Defendants agree that factual development is appropriate at this stage in the proceedings, as this case involves a number of factual issues concerning circumstances relevant to the challenged provisions of the Massachusetts Oil Spill Act. *See* Coalition Opposition to Plaintiffs' Motion for Judgment on the Pleadings, pp. 1, 11 n. 12, 13 n. 14, 14, 17 n. 15 & n. 16, pp. 17-18 & n. 17, 20 n. 19, 21 & n. 20, 22; State Defendants' Surreply in Opposition to Plaintiffs' Motion for Judgment on the Pleadings, pp. 19 n.25. *See also* United States Memorandum in Support of its Motion for Judgment on the Pleadings, pp. 19 (alleging that the Oil Spill Act's financial assurance requirement imposes a "massive financial burden"); Defendant-Intervenor American Waterway Operators' Complaint, ¶ 33 (alleging that its members have "suffered and continue to suffer irreparable harm as a result of attempting to comply" with the Massachusetts Oil Spill

Act).  Therefore, Defendants respectfully request that this Court adopt a schedule that provides the parties with a sufficient period in which to engage in discovery prior to the filing of further dispositive motions.

    **A.    Plaintiffs' Proposed Discovery Plan:**

As described above, Plaintiffs believe that this case turns solely on issues of law, not issues of fact, and, therefore, no discovery is or will be necessary.

Should resolution of the early dispositive motions not resolve the case entirely, however, Plaintiffs suggest the following discovery schedule on any claims that are not resolved as a matter of law:

| | |
|---|---|
| Amended Disclosures, if any: | 2 weeks following resolution of initial motions |
| Written discovery served: | 2 weeks following resolution of initial motions |
| Document production by Intervenor-Plaintiffs in response to written discovery: | 45 days following resolution of initial motions |
| Production of Certified Administrative Records of pertinent United States regulations and other determinations: | 45 days following resolution of initial motions |
| Depositions, if any, completed: | 75 days following resolution of initial motions |
| All discovery completed: | 75 days following resolution of initial motions |

Plaintiffs submit that their proposed schedule may be shortened or altogether eliminated because they believe any facts that appear material after the Court's resolution of Plaintiffs' dispositive motions could be the subject of joint stipulation.  Plaintiffs also note that they do not believe opinion testimony will be necessary or appropriate.

    **B.    Defendants' Proposed Discovery Plan:**

As described above, Defendants believe that discovery is appropriate at this stage in the proceedings.  Defendants accordingly propose that discovery proceed on the following schedule, in advance of any further dispositive motions:

| | |
|---|---|
| Written Discovery Served: | March 15, 2006 |
| Written Responses To Rule 34 Requests And Other Written Discovery: | April 21, 2006 |
| Production Of Documents In Response To Rule 34 Requests: | April 28, 2006 |
| Fact Depositions Completed: | July 21, 2006 |
| Plaintiffs' Expert Disclosures: | August 13, 2006 |
| Defendants' Expert Disclosures: | September 13, 2006 |
| Expert Depositions Completed: | November 13, 2006 |
| All Discovery Completed: | November 13, 2006 |

    **C.**    **Plaintiffs' Proposed Schedule for Filing of Motions:**

        **1.**    **Early (pre-discovery) Dispositive Motions**

As described above, Plaintiffs believe this case turns solely on issues of law, not fact, and respectfully request that the Court consider their early dispositive motions before any additional discovery as follows:

| | |
|---|---|
| Plaintiffs' Dispositive Motions Filed: | March 2, 2006 |
| Defendants' Oppositions: | March 16, 2006 |
| Replies and surreplies: | None without leave of court. |

Plaintiffs request a hearing be held at the Court's earliest convenience.

        **2.**    **Post-Discovery Motions to Resolve Any Remaining Claims**

Should resolution of the early dispositive motions not dispose of the case in its entirety, Plaintiffs propose the following schedule for summary judgment briefing following completion of any necessary discovery:

| | |
|---|---|
| Summary Judgment Motions Filed: | Four weeks following close of discovery |
| Response Briefs Filed: | Seven weeks following close of discovery |
| Replies and surreplies: | None without leave of Court |

**D.     Defendants' Proposed Schedule for Filing of Motions:**

1. As described above, Defendants believe that discovery is appropriate at this stage in the proceedings. Defendants accordingly propose the following schedule for motions:

| | |
|---|---|
| Summary Judgment Motions Filed: | December 14, 2006 |
| Summary Judgment Oppositions Filed: | January 26, 2007 |
| (Allow 5 Weeks Because Of Holidays) | |
| Summary Judgment Reply Briefs: | February 9, 2007 |
| Summary Judgment Surreply Briefs (With Court Permission): | February 23, 2007 |

2. While Defendants believe that discovery is appropriate at this stage in the proceedings, should the Court agree with Plaintiffs that further dispositive motions are appropriate prior to discovery, Defendants request the following schedule for Plaintiffs' additional early dispositive motion:

| | |
|---|---|
| Plaintiffs' Dispositive Motions Filed: | March 2, 2006 |
| Defendants' Oppositions (to accommodate currently planned vacation of counsel): | March 23, 2006 |
| Replies and surreplies: | None without leave of court. |

## II.    Trial Before the Magistrate Judge

The parties do not consent to trial before a Magistrate Judge at this time.

## III.   Certifications

Certifications complying with Local Rule 16.1(D)(3) are attached. Additional certifications from two of the Intervenor-Plaintiffs will be submitted upon receipt from overseas locations.

Respectfully submitted this 13th day of February, 2006,

| | |
|---|---|
| Plaintiff,<br>the United States of America | Defendants,<br>the Commonwealth of Massachusetts, et al. |
| By: | By: |
| PETER D. KEISLER<br>Assistant Attorney General | THOMAS F. REILLY<br>ATTORNEY GENERAL |
| MICHAEL SULLIVAN<br>United States Attorney<br>MARK T. QUINLIVAN<br>Assistant United States Attorney | /s/ Nora J. Chorover (by permission)<br>Nora J. Chorover, BBO # 547352<br>Pierce O. Cray, BBO # 104630<br>Assistant Attorneys General |
| /s/ Steven Y. Bressler<br>ARTHUR R. GOLDBERG D.C.B. 180661<br>STEVEN Y. BRESSLER D.C.B. 482492<br>Attorneys, Civil Division<br>United States Department of Justice<br>P.O. Box 833<br>Washington, D.C. 20044<br>Telephone (202) 514-4781 | One Ashburton Place, 18th Floor<br>Boston, MA 02108<br>Telephone (617) 727-2200 |
| | Intervenor-Defendants,<br>The Coalition for Buzzards Bay |
| Intervenor-Plaintiffs,<br>American Waterway Operators, et al. | By:<br>/s/ Jonathan M. Ettinger (by permission)<br>Jonathan M. Ettinger, BBO # 552136<br>Elizabeth M. DeLisle, BBO # 658067<br>Foley Hoag LLP<br>155 Seaport Boulevard<br>Boston, MA 02210-2600<br>Telephone: (617) 832-1000 |
| By: | |
| /s/ Andrew J. Hachey (by permission)<br>ANDREW J. HACHEY, BBO # 567183<br>Nixon Peabody LLP<br>100 Summer Street<br>Boston, MA 02110<br>617-345-1034<br>866-891-9579 (fax)<br>ahachey@nixonpeabody.com | |

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>v.<br><br>THE COMMONWEALTH OF<br>MASSACHUSETTS, *et al.*<br><br>                              Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 05-10112 JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF THE UNITED STATES OF AMERICA'S CERTIFICATION
PURSUANT TO LOCAL RULE 16.1**

Pursuant to Local Rule 16.1, an authorized representative of plaintiff hereby certifies plaintiff has conferred with counsel concerning projected expenses of this litigation as well as the alternative dispute resolution procedures discussed in Local Rule 16.4 that may at some point assist in resolving this litigation.

Dated: February 2, 2006

ANDREW J. TURNER, Esq.
Attorney, United States Coast Guard
U.S. Coast Guard (G-LMI)
2100 2nd Street, S.W.
Washington, D.C. 20593-0001

Dated: 2/10/06

STEVEN Y. BRESSLER, Esq.
Attorney, Civil Division
United States Department of Justice
P.O. Box 833
Washington, D.C. 20044

## CERTIFICATION OF STATE DEFENDANTS PURSUANT TO
## COURT'S NOTICE OF SCHEDULING CONFERENCE

The State Defendants, pursuant to the Court's January 23, 2006 Notice of Scheduling Conference, hereby certify that the State Defendants and their counsel have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

Executed under penalty of perjury this 13th day of February, 2006, Boston, Massachusetts.

THE COMMONWEALTH OF MASSACHUSETTS

By: _____
Margaret Stolfa, General Counsel
Massachusetts Department of Environmental Protection
One Winter Street
Boston, MA 02108

By: _____
Nora J. Chorover, Assistant Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>THE COMMONWEALTH OF<br>MASSACHUSETTS, *et al.*<br><br>    Defendants, and<br><br>THE COALITION FOR BUZZARDS BAY,<br><br>    Intervenor-Defendant<br><br><br>THE AMERICAN WATERWAYS OPERATORS,<br>INTERNATIONAL ASSOCIATION OF<br>INDEPENDENT TANK VESSEL OWNERS,<br>CHAMBER OF SHIPPING OF AMERICA, and<br>BIMCO,<br><br>    Intervenor-Plaintiffs<br><br> v.<br><br>MITT ROMNEY, Governor of Massachusetts, and<br>ROBERT W. GOLLEDGE, JR., Commissioner of<br>The Massachusetts Department of Environmental<br>Protection,<br><br>    Defendants. | Civil Action No. 05-10112 JLT |

**LOCAL RULE 16.1 CERTIFICATION**

  Intervenor Plaintiffs and their counsel certify that they have conferred: (a) with a view to establishing a budget for the costs of conducting the full course—and various

alternatives courses—of litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Respectfully submitted,

*/s/ C. Jonathan Benner*
C. Jonathan Benner
Counsel for Intervenor Plaintiffs

Dated: 13 February 2006

American Waterways Operators

By:_____

International Association of Independent Tanker Owners

By: */s/ Joseph J. Angelo*
     JOSEPH J. ANGELO

Chamber of Shipping of America

By:_____

BIMCO

By:_____

alternatives courses—of litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Respectfully submitted,

*/s/ C. Jonathan Benner*
C. Jonathan Benner
Counsel for Intervenor Plaintiffs

Dated: 13 February 2006

American Waterways Operators

By: */s/ Thomas A. Allegretti*

International Association of Independent Tanker Owners

By:_____

Chamber of Shipping of America

By:_____

BIMCO

By:_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>THE COMMONWEALTH OF<br>MASSACHUSETTS, et al.<br><br>    Defendants, and<br><br>THE COALITION FOR BUZZARDS BAY,<br><br>    Intervenor-Defendant | Civil Action No. 05-10112 JLT |
| THE AMERICAN WATERWAYS OPERATORS, et al.<br>    Intervenor-Plaintiff<br>v.<br><br>MITT ROMNEY, Governor of Massachusetts, et al.<br><br>    Defendants | |

**CERTIFICATION OF INTERVENOR-DEFENDANT
THE COALITION FOR BUZZARDS BAY**

In accordance with Local Rule 16.1(D) and this Court's January 23, 2006 Notice of Scheduling Conference, The Coalition for Buzzards Bay and its counsel affirm that they have conferred:

 a. With a view to establishing a budget for the costs of conducting the full course - and various alternative courses - of the litigation; and,

 b. To consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

B3160806.1

Respectfully Submitted,

THE COALITION FOR BUZZARDS BAY

By its authorized representative,

_____
Korrin Petersen, Advocacy Director
The Coalition for Buzzards Bay
620 Belleville Avenue
New Bedford, MA 02745

By its attorneys,

_____
Jonathan M. Ettinger (BBO #552136)
Elisabeth M. DeLisle (BBO # 658067)
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
jettinger@foleyhoag.com

Dated: February 13, 2006

B3160806.1

- 2 -