# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 05-10112 RCL LTS |
| | ) |
| v. | ) |
| | ) |
| THE COMMONWEALTH OF | ) |
| MASSACHUSETTS, *et al.* | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO DEFENDANT'S THIRD AMENDED COUNTERCLAIM

### FIRST DEFENSE

Defendants' actions with respect to this case were in full compliance with applicable law and regulation.

### SECOND DEFENSE

The Third Amended Counterclaim fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

Plaintiff and counter-defendant, the United States of America, denies each and every allegation contained in the Third Amended Counterclaim except as hereinafter may be expressly and specifically admitted.  Using the same numbering as the Third Amended Counterclaim, counter-defendant responds to the numbered paragraphs of the Third Amended Counterclaim as follows:

1.    This paragraph states defendants' characterization of their counterclaims and conclusions of law, not an allegation of fact, to which no response is required.  To the extent a response may be deemed necessary, denies.

2.      Admits.

3.      Admits.

4.      Denies for lack of knowledge or information.  Avers that defendant and counter-plaintiff the Commonwealth of Massachusetts is a body politic existing pursuant to the Constitution of the United States.

5.      Admits.

6.      Denies the allegations of paragraph 6 for lack of knowledge or information, except admits to the enactment of the cited statutory provisions.

7.      Denies the allegations of the first sentence of this paragraph for lack of knowledge or information except to aver that the Massachusetts Oil Spill Act ("MOSPA") is codified in the Massachusetts General Laws and respectfully refers the Court to the full text of MOSPA for a full statement of its contents.  The second sentence of this paragraph states a conclusion of law and a characterization of  defendants' counterclaims to which no response is required.

8.      Denies, except admits that the cited statutory provision exists and is quoted accurately, and respectfully refers the Court to the full text of the cited statutory provision for a full statement of its contents.

9.      Denies, except admits that the cited statutory provision exists and is quoted accurately, and respectfully refers the Court to the full text of the cited statutory provision for a full statement of its contents.

10.      Denies, except admits that the cited statutory provision exists, and respectfully refers the Court to the full text of the cited statutory provision for a full statement of its contents.

11.      This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent a response may be deemed necessary, denies, except admits

that the cited statutory provisions exist, and respectfully refers the Court to the full text of the cited statutory provisions for a full statement of their contents.

12.     This paragraph states conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, denies, except admits that Title I of the Ports and Waterways Safety Act of 1972, as amended (PWSA), is classified in Title 33, and Title II is codified in Title 46, of the United States Code, and respectfully refers the Court to the full text of those statutes for a full statement of their contents.

13.     This paragraph states conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, admits that "Title I" of the PWSA is codified in Title 33 of the United States Code, and respectfully refers the Court to the full text of the cited statute for a full statement of its contents.

14.     This paragraph states conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, admits that "Title II" of the PWSA is codified in Title 46 of the United States Code, and respectfully refers the Court to the full text of the cited statute for a full statement of its contents.

15.     Denies, except admits that the Coast Guard is currently operating within the Department of Homeland Security and that, as generally used in chapter 25 of Title 33 United States Code and Subtitle II of Title 46 United States Code, "Secretary" means the Secretary of the Department in which the Coast Guard is operating.

16.     Denies, except admits that the Secretary of Homeland Security has delegated the authority to administer the PWSA to the Commandant of the Coast Guard, and the Commandant has, among other things, generally redelegated authority to issue regulations pertaining to Regulated Navigation Areas to district commanders, including the First Coast Guard District

Commander.

17.    This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent a response may be deemed necessary, denies, except admits that the cited statutory provision exists, and respectfully refers the Court to the full text of the cited statutory provision for a full statement of its contents.

18.    This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent a response may be deemed necessary, denies, except admits that the cited statutory provision exists, and respectfully refers the Court to the full text of the cited statutory provision for a full statement of its contents.

19.    This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent a response may be deemed necessary, denies, except admits that the cited statutory and regulatory provisions exist, and respectfully refers the Court to the full text of the cited provisions for a full statement of their contents.

20.    Denies, except admits that the Council of Environmental Quality has issued regulations at 40 C.F.R. Parts 1501 to 1508 and 1515 to 1518, and that federal agencies are required to adopt procedures to comply with NEPA requirements.

21.    Admits.

22.    Admits that the quotation is accurate and respectfully refers the Court to the full text of the cited U.S. Coast Guard Commandant's Instruction for a full statement of its contents.

23.    Admits that the quotation is accurate and respectfully refers the Court to the full text of the cited U.S. Coast Guard Commandant's Instruction for a full statement of its contents.

24.    Admits that the quotation is accurate and respectfully refers the Court to the full text of the cited U.S. Coast Guard Commandant's Instruction for a full statement of its contents.

25.     This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent a response may be deemed necessary, admits the existence of the cited regulation and respectfully refers the Court to the full text of the cited regulation for a full statement of its contents.

26.     This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent a response may be deemed necessary, denies except to admit the existence of the cited regulation and respectfully refers the Court to the full text of the cited regulation for a full statement of its contents.

27.     This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent a response may be deemed necessary, denies except to admit the existence of the cited regulation and Coast Guard Commandant's Instruction and respectfully refers the Court to the full text of the cited regulation and Commandant's Instruction for a full statement of its contents.

28.     This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent a response may be deemed necessary, denies except to admit the existence of the cited regulation and respectfully refers the Court to the full text of the cited regulation for a full statement of its contents.

29.     This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent a response may be deemed necessary, admits the existence of the cited regulation and respectfully refers the Court to the full text of the cited regulation for a full statement of its contents.

30.     Admits the existence of the cited U.S. Coast Guard Commandant's Instruction and Federal Register pages and respectfully refers the court to the full text of the cited

Commandant's Instruction and Federal Register pages for a full statement of their contents.

31.    Admits that the quotation is accurate and respectfully refers the Court to the full text of the cited U.S. Coast Guard Commandant's Instruction for a full statement of its contents.

32.    This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent a response may be deemed necessary, denies except to admit the existence of the cited Coast Guard Commandant's Instruction and respectfully refers the Court to the full text of the cited Commandant's Instruction for a full statement of its contents.

33.    This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent a response may be deemed necessary, admits the existence of the cited regulation and respectfully refers the Court to the full text of the cited regulation for a full statement of its contents.

34.    This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent a response may be deemed necessary, admits and respectfully refers the Court to the full text of the cited U.S. Coast Guard Commandant's Instruction for a full statement of its contents.

35.    This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent a response may be deemed necessary, denies and respectfully refers the Court to the full text of the cited U.S. Coast Guard Commandant's Instruction for a full statement of its contents.

36.    Denies, except admits that the quotation is accurate and respectfully refers the Court to the full text of the cited U.S. Coast Guard Commandant's Instruction and enclosures thereto for a full statement of their contents.

37.    This paragraph states a conclusion of law, not an allegation of fact, to which no

response is required.

38.     This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent an answer is deemed necessary, denies and further avers that 5 U.S.C. § 553 generally requires agencies to provide an opportunity for notice and comment on proposed rulemaking.

39.     This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent an answer is deemed necessary, denies except to admit that 5 U.S.C. §§ 702-706 includes a waiver of sovereign immunity for challenges to certain actions by the United States and its agencies and respectfully refers the Court to the cited statutory provisions and Federal Register publication for full statements of their contents.

40.     This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent an answer is deemed necessary, denies except to admit the existence of the cited statutory provision, to which the Court is respectfully referred for a full statement of its contents.

41.     This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent an answer is deemed necessary, denies except to admit the existence of the cited statutory provision, to which the Court is respectfully referred for a full statement of its contents.

42.     Admits.

43.     Admits.

44.     Admits.

45.     Admits.

46.     Denies except to admit that oil spills and vessel groundings have occurred in

Buzzards Bay.  Avers that no major oil spill has resulted from the grounding of a double-hull tank barge in Buzzards Bary.

47.    Denies the allegations of the first sentence, which are vague.  As to the second sentence, admits that the depth of Buzzards Bay, rocky ledges, and vessel traffic may pose navigational hazards.

48.    Admits the allegations of the first sentence except denies for lack of knowledge or information the allegation that the volume of the oil spill was 98,000 gallons.  Admits the allegations of the second sentence.  Denies for lack of knowledge the allegations of the third sentence except to admit that the spill forced the closure of shellfish beds and beaches.

49.    Denies for lack of knowledge or information, except admits to the enactment of MOSPA.

50.    Denies the allegations of the first sentence, except admits that the Coast Guard sponsored a Ports and Waterways Assessment that generated suggestions for improving navigation safety in Buzzards Bay.  Denies the allegations in the second sentence.

51.    Admits.

52.    Admits the existence of the cited Federal Register pages and refers the Court to their full text for a full statement of their contents.  Avers that the advance notice invited responses to questions including a question whether double hulls on barges would be an alternative to tug escorts that would provide an equivalent or improved level of navigational safety in Buzzards Bay.  69 Fed. Reg. 62429.

53.    Admits.

54.    Admits.

55.    Admits.

56.     Admits the quotation is accurate and refers the Court to the full text of the cited Federal Register page for a full statement of its contents.

57.     Admits and avers that the Coast Guard provided reasons for not extending tug escort requirements to double hull tank barges when it published a Final Rule on August 30, 2007.  72 Fed. Reg. 50052-59.

58.     Admits and avers that the Coast Guard provided reasons for not adopting the manning and watch requirements in Section 4 of MOSPA when it published the Final Rule on August 30, 2007.  72 Fed. Reg. 50052-59.

59.     Admits the quotation is accurate and refers the Court to the full text of the cited Federal Register page for a full statement of its contents.

60.     Admits.

61.     Denies except to admit that the Commonwealth urged the Coast Guard to adopt a rule that required tug escorts for all tank barges, *i.e.*, single and double hull tank barges, transiting Buzzards Bay and stated that similar requirements exist in other areas such as California and Washington State.

62.     Admits.

63.     Denies except to admit that the Coalition for Buzzards Bay urged the Coast Guard to adopt a rule that required tug escorts for all tank barges, *i.e.*, single and double hull tank barges, transiting Buzzards Bay, and described the spill of 3 million gallons of oil into the Gulf of Mexico from a double hull tank barge on November 11, 2005.  Avers that the referenced Gulf of Mexico oil spill resulted after a barge struck an uncharted, submerged oil platform that had sunk during Hurricane Rita.

64.     This paragraph states a conclusion of law to which no response is required.  To

the extent a response is deemed necessary, admits and refers the Court to the full text of the cited Federal Register page for a full statement of its contents.

65.    Admits and refers the Court to the full text of the cited Federal Register pages, and the Final Rule published therein, for a full statement of their contents.

66.    Denies.

67.    Denies.

68.    Denies.

69.    Denies except to admit that the quotation is accurate and refers the Court to the full text of the cited Federal Register page for a full statement of its contents.

70.    Denies and avers that the federalism discussions in the Advance Notice of Proposed Rulemaking and the Notice of Proposed Rulemaking included discussion of preemption and stated the Coast Guard view that several provisions of MOSPA are preempted by the Coast Guard's regulatory action or otherwise.

71.    Denies, and avers that MOSPA sections 4 and 6 directly conflict with the Coast Guard's Final Rule.

72.    Denies except to admit the existence of the cited Federal Register publication, to which the Court is referred for a full statement of its contents.

73.    Denies except to admit the existence of the cited Federal Register publication, to which the Court is referred for a full statement of its contents.

74.    Admits the existence of the cited Federal Register publication, to which the Court is referred for a full statement of its contents.

75.    This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent a response is deemed necessary, denies except to admit that

Washington state law allows certain oil tankers to transit its restricted waters only if those oil tankers possess specified standard safety features, but waives the requirement for safety features if the vessel is unladen or has a tug escort.

76.    Admits and refers the Court to the full text of the cited regulation for a full statement of its contents.  Avers that the Coast Guard has neither issued permanent tug escort regulations for within the state of California nor determined that local regulation would stand as an obstacle to the accomplishment and execution of the full purposes and objective of a federal statute or regulation.

77.    This paragraph states conclusions of law, not an allegation of fact, to which no response is required.  To the extent a response is deemed necessary, admits.

78.    Admits that the quotation is accurate and refers the Court to the full text of the cited Federal Register page for a full statement of its contents.

79.    Admits and avers that the checklist was available upon request but, due to a clerical error, was not entered into the docket log until on or about January 31, 2008, after the clerical error was discovered.

80.    The first sentence of this paragraph states conclusions of law, not an allegation of fact, to which no response is required.  To the extent a response is deemed necessary, denies. Denies the second sentence, which is vague, except to admit that Massachusetts legislators submitted comments concerning the following publication of the Advanced Notice of Proposed Rulemaking and the Proposed Rulemaking.

81.    Denies except to admit that comments purporting to identify such other state laws were submitted.

82.    This paragraph states a conclusion of law, not an allegation of fact, to which no

response is required.  To the extent a response is deemed necessary, denies and refers the Court to the full text of the cited Act and statutory provisions for full statements of their contents.

83.     Denies except to admit that the quotation is accurate and refer the Court to the full text of the cited document for a full statement of its contents.

84.     Denies except to admit that the quotations are accurate and refer the Court to the full text of the cited Federal Register page for a full statement of its contents.

85.     Denies.

86.     This paragraph states conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, denies.

87.     Denies except to refer the Court to the full text of the Coast Guard's Categorical Exclusion Determination dated April 11, 2007, for a full statement of its contents.

88.     Refers the Court to the full text of the Coast Guard's Categorical Exclusion Determination dated April 11, 2007, for a full statement of its contents, and avers that the Coast Guard is not required to consider alternatives to an action that is categorically excluded from additional National Environmental Policy Act analysis.

89.     Denies except to refer the Court to the full text of the Coast Guard's Categorical Exclusion Determination dated April 11, 2007, for a full statement of its contents, and avers that the Categorical Exclusion Determination does not expressly address MOSPA and that the pertinent provisions of MOSPA had been held void and permanently enjoined by this Court as of April 11, 2007.

90.     Denies except to refer the Court to the full text of the Coast Guard's Categorical Exclusion Determination dated April 11, 2007, for a full statement of its contents, and avers that the Categorical Exclusion Determination does not expressly address MOSPA and that the

pertinent provisions of MOSPA had been held void and permanently enjoined by this Court as of April 11, 2007.

91.    Denies.

92.    Denies except to admit that at the time the Coast Guard made its final decision to rely on a Categorical Exclusion, Massachusetts' manning and escort requirements for Buzzards Bay were not subject to an injunction by this Court.

93.    Denies except to admit that Sections 4 and 6 of MOSPA conflict with federal law.

94.    Admits and avers that an EA or EIS is not required for actions that are categorically excluded from additional National Environmental Policy Act analysis.

95.    Denies.

96.    Denies.

97.    Denies.

98.    Denies and avers that sections 4 and 6 of MOSPA are preempted under the Constitution of the United States, Article VI, Clause 2 (Supremacy Clause) by, *inter alia*, the Coast Guard's cited Final Rule.

99.    Denies and avers that the Supremacy Clause of the Constitution mandates that "the Laws of the United States . . . made in Pursuance" of the Constitution "shall be the supreme law of the Land; . . . any Thing in the Constitution or Laws of any state to the Contrary notwithstanding." U.S. Const., Art. VI, cl. 2.

100.    Denies.

101.    Denies except to admit that defendants assert that the Final Rule is defective.

102.    The United States incorporates by reference the averments of paragraphs 1-101.

103.    This paragraph states a conclusion of law, not an allegation of fact, to which no

response is required.  To the extent a response is deemed necessary, denies.

104.     This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.  To the extent a response is deemed necessary, admits.

105.     This paragraph states a conclusion of law, not an allegation of fact, to which no response is required. To the extent a response is deemed necessary, admits.

106.     This paragraph states a conclusion of law, not an allegation of fact, to which no response is required. To the extent a response is deemed necessary, admits.

107.     Denies.

108.     Denies.

109.     Denies.

110.     Denies.

111.     Denies.

112.     Denies.

113.     Denies.

114.     Denies.

115.     Denies.

116.     Denies.

117.     Denies.

118.     Denies.

119.     Denies.

120.     The United States incorporates by reference the averments of paragraphs 1-119.

121.     This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.

122.    This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.   To the extent a response is deemed necessary, denies.

123.    This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.   To the extent a response is deemed necessary, denies.

124.    This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.   To the extent a response is deemed necessary, denies.

125.    Denies.

126.    This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.   To the extent a response is deemed necessary, denies.

127.    Denies.

128.    This paragraph states a conclusion of law, not an allegation of fact, to which no response is required.   To the extent a response is deemed necessary, denies.

129.    Denies.

130.    Denies.

The remainder of defendant's Third Amended Counterclaim constitutes defendant's prayer for relief, to which no response is required.  To the extent a response is deemed necessary, the United States denies. The United States specifically denies all allegations in the Third Amended Counterclaim not otherwise answered or qualified herein.  In addition, the United States denies that defendant is entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.

WHEREFORE, plaintiff and counter-defendant respectfully requests that the Court enter judgment in its favor, dismiss plaintiff's Third Amended Counterclaim with prejudice, and award the United States such additional relief as the Court may deem appropriate.

Dated: April 14, 2008                    Respectfully Submitted,

                                         JEFFREY S. BUCHOLTZ
                                         Acting Assistant Attorney General
                                         MICHAEL SULLIVAN
                                         United States Attorney

                                          /s/ Steven Y. Bressler
                                         ARTHUR R. GOLDBERG D.C.B. 180661
                                         STEVEN Y. BRESSLER D.C.B. 482492
                                         Attorneys, Civil Division
                                         U.S. Department of Justice
                                         P.O. Box 883
                                         Washington, D.C. 20044
                                         (202) 514-4781 (telephone)
                                         (202) 318-7609 (fax)
                                         Steven.Bressler@usdoj.gov

                                         *Counsel for the United States of America*