UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COMMONWEALTH OF MASSACHUSETTS, *et al.*, <br><br> Defendants. | Civil Action No. <br> 05-10112-RCL |

**JOINT MOTION OF PLAINTIFF, DEFENDANTS, AND INTERVENOR-DEFENDANT FOR ENTRY OF A SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 16(b), the Plaintiff United States, the Defendant Commonwealth of Massachusetts (as well as the other State Defendants), and the Intervenor-Defendant Coalition for Buzzards Bay (collectively "Moving Parties") respectfully move for entry of a Scheduling Order for the remainder of the case that contains the events and deadlines set forth in Paragraph 3 below.  As grounds for their Joint Motion, the Moving Parties state as follows:

1.   The Moving Parties have reached agreement regarding a procedural framework for bringing the case to final judgment that would promote judicial economy, lessen the parties' litigation burdens, and reduce the number of times that the United States District Judge and the United States Court of Appeals may have to address this matter on the merits.  The basic thrust of the Moving Parties' approach is to shift the focus of the remaining contested adjudication in this matter from the question of interlocutory relief to that of permanent relief.

2. In this regard, the Defendants and Intervenor-Defendant (collectively "Defendants") are simultaneously filing a Response to Report and Recommendation on Motion for a Preliminary and Permanent Injunction ("R&R Response") that has the practical effect of deferring further contested adjudication of the legal issues in this matter until the time of dispositive motions regarding the issuance of permanent relief. The R&R Response therefore does not contain "specific objections" to the preliminary injunction recommended in the Report and Recommendation, *see* Fed. R. Civ. P. 72(b), which the Defendants understand will both likely result in the issuance of the recommended interlocutory injunction and preclude their subsequent ability to contest that issuance. The R&R Response instead recites the Defendants' express intent, based on the authorities cited in the Response, of deferring further litigation of the legal issues addressed in the Report and Recommendation (as well as all other legal issues relevant to the final resolution of the case) to the time of dispositive motions regarding the issuance of permanent relief.

3. As regards that question of permanent relief, the Moving Parties have agreed upon a schedule that would govern both the orderly resolution of any issues regarding the factual record in this matter and the subsequent briefing of dispositive motions by the Moving Parties. If acceptable to the Court, the Moving Parties request that a Scheduling Order issue with the following events and deadlines:

| *Event* | *Date* |
|---|---|
| Deadline for filing of complete administrative record by the Plaintiff | July 31, 2008 |
| Conclusion of fact discovery. The Plaintiff reserves the right to contest whether any | September 26, 2008 |

| | |
|---|---|
| additional discovery is appropriate in this matter, and this period is meant to include any motion practice regarding that question. | |
| The Defendants' deadline for filing Motions for Summary Judgment or other dispositive motions, if any, on the claims in the Complaint and the Counterclaim. | October 17, 2008 |
| Deadline for filing the Plaintiff's Cross-Motion for Summary Judgment or other dispositive motion and its Oppositions to Defendants' dispositive motions, if any. | November 14, 2008 |
| Deadline for the Defendants to file their Oppositions to the Plaintiff's dispositive motion and their Replies in support of their own dispositive motions. | December 5, 2008 |
| Deadline for the Plaintiff to file Replies to the Oppositions to its dispositive motion and Surreplies regarding the Defendants' dispositive motions | December 19, 2008 |

4.      The Intervenor-Plaintiffs have already filed a Motion for Summary Judgment (Document 112).  The Court has currently stayed the Defendants' obligations to file an opposition to that Motion pending the United States District Judge's action on the Report and Recommendation (*see* Electronic Order of June 23, 2008 re Document 119).  The Defendants today are filing a Motion for Continuance of Stay of Summary Judgment Opposition Period that seeks to extend the current stay through October 17, 2008, which is the date proposed in Paragraph 3 above for the Defendants to file their Motions for Summary Judgment or other dispositive motions against the Plaintiff.  As set forth in the Motion for Continuance of Stay, the Defendants would not object if the November 14 and December 5, 2008 dates set forth in Paragraph 3 above were also to serve as deadlines for, respectively, the Intervenor-Plaintiffs to file a Reply Memorandum

and the Defendants to file Surreplies.[1]  The Defendants observe in the Motion to Continue Stay that once the briefing schedule proposed in Paragraph 3 is concluded, a single hearing could then be held on all of the parties' outstanding dispositive motions. The Plaintiff takes no position on the Motion to Continue Stay, and the Defendants join in the current Joint Motion regardless of the Court's ultimate ruling on the Motion to Continue Stay.

For the foregoing reasons, the Moving Parties respectfully request that the Court allow their Joint Motion for Entry of a Scheduling Order and enter a Scheduling Order for the remainder of the case that contains the events and deadlines set forth in Paragraph 3 above.

                                  Respectfully submitted,

                                  For the Plaintiff United States of America,

                                  GREGORY KATSAS
                                  Acting Assistant Attorney General

                                   MICHAEL SULLIVAN
                                  United States Attorney
                                  MARK T. QUINLIVAN
                                  Assistant U.S. Attorney

---

[1] As also set forth in the Motion to Continue Stay, the Intervenor-Plaintiffs alternatively could elect to proceed on the same briefing schedule that the Plaintiff has agreed to in Paragraph 3.  Under this alternative approach, the Intervenor-Plaintiffs could either (1) treat their current Memorandum in Support as being "filed" on the date that the Plaintiff would file its dispositive motion (November 14, 2008), with or without a supplemental memorandum, or (2) file a new, superseding Memorandum in Support on that date.  The Defendants again would not object to this alternative approach, provided that the Intervenor-Plaintiffs notified them no later than the close of the discovery period (September 26, 2008) that they were choosing to do so.  Providing timely notice would prevent the Defendants from wasting their time on oppositions that would not then be currently due.

ARTHUR R. GOLDBERG D.C.B. 180661
Assistant Branch Director

/s/ Steven Y. Bressler (by permission)
STEVEN Y. BRESSLER D.C.B. 482492
Attorney, Civil Division
United States Department of Justice
P.O. Box 833
Washington, D.C.  20044
Telephone (202) 514-4781
Facsimile (202) 318-7609
Steven.Bressler@USDOJ.gov


For the Defendant Commonwealth of Massachusetts
and the Other State Defendants,


/s/ Pierce O. Cray
Pierce O. Cray, BBO # 104630
Seth Schofield, BBO # 661210
Assistant Attorneys General
One Ashburton Place
Boston, MA  02108
(617) 727-2200, ext. 2084
pierce.cray@state.ma.us
seth.schofield@state.ma.us


For the Intervenor-Defendant Coalition for
Buzzards Bay,


/s/ Elisabeth M. DeLisle (by permission)
Jonathan M. Ettinger, BBO #552136
Elisabeth M. DeLisle, BBO #658067
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000
jettinger@foleyhoag.com
edelisle@foleyhoag.com

Date:  June 25, 2008