UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>COMMONWEALTH OF )<br>MASSACHUSETTS, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 05-10112 RCL |

**DEFENDANTS' RESPONSE TO REPORT AND RECOMMENDATION
ON MOTION FOR A PRELIMINARY AND PERMANENT INJUNCTION**

Pursuant to Fed. R. Civ. P. 72(b)(2), the Defendants and the Intervenor-Defendant (collectively "Defendants") jointly respond to the Report and Recommendation on Motion for a Preliminary and Permanent Injunction (Sorokin, M.J.), filed on June 6, 2008 (Document 116).

1.   The Defendants respectfully disagree with both the preliminary injunction recommended in the Recommendation and Report and the articulated grounds for it. However, the Defendants will not be serving "specific objections" to the Report and Recommendation as referenced in Rule 72(b)(2). The Defendants understand that their lack of specific objections both (a) makes it likely that a preliminary injunction will issue as recommended in the Report and Recommendation and (b) precludes them from subsequently contesting the issuance of that preliminary injunction.

2.   The Defendants also understand that their failure to contest the Magistrate Judge's actions with respect to the requested preliminary injunction, whether by a failure to file specific objections or otherwise, does *not* bar them from making any and all substantive legal arguments

in later proceedings in this same case for the entry of a *permanent* injunction or the granting of other *permanent* relief.  *Cronin v. U.S. Dept. of Agric.*, 919 F.2d 439, 444 (7th Cir. 1990); *Minoli v. Evon*, 1996 WL 288473, at * 6 (E.D.N.Y. 1996) ("Defendant's failure to object to the magistrate's report and recommendation . . . does not establish the magistrate's findings as being finally decided[, and] . . . defendant is in no way estopped from raising her counterclaims in light of [the] Magistrate['s] findings at the preliminary injunction hearing").  As the *Minoli* Court recognized, *see id.*, this follows logically from the settled rule that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits."  *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *accord* 11A Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2950, at 247-50 (2nd ed. 1995) (collecting authorities).  Consistent with these principles, the Defendants respectfully intend to litigate fully all aspects of all legal issues presented by this case, including those addressed in the Report and Recommendation, at the time that requests for permanent relief are resolved.

3. The net result of the Defendants foregoing Rule 72(b) objections is that both the United States District Judge and the United States Court of Appeals are likely to have to reach the complex legal issues raised by this case only once more (as regards requests for permanent relief) rather than potentially twice more (as regards the current motion for preliminary injunction and then, given the rule in *Camenish*, all over again as regards requests for permanent relief).  This promotes judicial economy and is consistent with the underlying purpose of both Rule 72 and the Magistrates Act.

4. The Defendants note, as did footnote 1 of the Report and Recommendation, that the United States's underlying preliminary injunction motion concerns Buzzards Bay alone and does not also reach Vineyard Sound and Buzzards Bay.  Report and Recommendation p. 2 n. 1.

Consistent with footnote 1 of the Report and Recommendation, any preliminary injunction entered as a result of the Report should be limited in geographic scope to Buzzards Bay.

| For the Intervenor-Defendant<br>Coalition for Buzzards Bay, | For the Commonwealth of Massachusetts<br>and the Other State Defendants, |
|---|---|
| | MARTHA COAKLEY<br>ATTORNEY GENERAL |
| /s/ Elisabeth M. DeLisle (by permission)<br>Jonathan M. Ettinger, BBO # 552136<br>Elisabeth M. DeLisle, BBO # 658067<br>Foley Hoag LLP<br>Seaport World Trade Center West<br>Boston, MA  02210<br>(617) 832-1000<br>jettinger@foleyhoag.com<br>edelisle@foleyhoag.com | /s/ Pierce O. Cray<br>Pierce O. Cray, BBO # 104630<br>Seth Schofield, BBO # 661210<br>Assistant Attorneys General<br>One Ashburton Place<br>Boston, MA 02108<br>(617) 727-2200, ext. 2084<br>pierce.cray@state.ma.us<br>seth.schofield@state.ma.us |

Date:   June 25, 2008