UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-10112 RCL |
| ) | |
| COMMONWEALTH OF ) | |
| MASSACHUSETTS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' JOINT MOTION TO CONTINUE
STAY OF SUMMARY JUDGMENT OPPOSITION PERIOD**

Pursuant to Local Rule 7.1(B)(2), the Defendants and Intervenor-Defendant (collectively "Defendants") move that the Court continue the current stay of the time period for them to serve their Oppositions to Intervenor-Plaintiffs' Motion for Summary Judgment (Document 112) through October 17, 2008. This is the same date proposed today by the Defendants and the Plaintiff United States for the Defendants to file dispositive motions on the claims in the United States' Complaint and the Commonwealth's Counterclaim. *See* Joint Motion of Plaintiff, Defendants, and Intervenor-Defendant for Entry of a Scheduling Order ("Joint Motion for Scheduling Order") ¶ 3. As grounds for their requested continuance of the stay of the opposition period, the Defendants state as follows:

1.       The Intervenor-Plaintiffs ("Industry") filed a Motion for Summary Judgment on May 14, 2008. *See* Document 112. The Court has currently stayed the Defendants' obligations to file oppositions to that Motion pending the United States District Judge's action on the Report and Recommendation on Motion for a Preliminary and Permanent Injunction. *See* Electronic

Order of June 23, 2008 re Document 119.  Two other documents that are being filed today bear on this stay.

      a.      Contemporaneously with the filing of the present Motion, the Defendants are filing Defendants' Response to Report and Recommendation on Motion for a Preliminary and Permanent Injunction.  The Response does not contain "specific objections" to the preliminary injunction recommended in the Report and Recommendation, *see* Fed. R. Civ. P. 72(b), which likely will result in the prompt issuance of the recommended interlocutory relief.  The designated end point of the current stay – action by the District Judge on the Report and Recommendation – therefore soon may come to pass.  *See* Electronic Order of June 23, 2008 re Document 119.

      b.      In addition to the Response to Report and Recommendation, the Defendants and the United States are filing the previously referenced Joint Motion for Scheduling Order, which proposes a reasonable schedule for efficiently resolving this case.  That Joint Motion notes (1) the agreement of the United States and the Defendants to shift the focus of the remaining contested adjudication in this matter from the question of interlocutory relief to that of permanent relief and (2) the submission by the Defendants of a Response to Report and Recommendation (discussed in Paragraph 1a above) that is consistent with that shift in focus.  Joint Motion for Entry of Scheduling Order pp. 1-2.  The same Joint Motion also requests the Court to issue a Scheduling Order for the remainder of the case that, *inter alia*, would have the Defendants filing Motions for Summary Judgment (or other dispositive motions) on October 17, 2008 and the United States both opposing the Defendants' Motions and filing a Cross-Motion or other dispositive motion of its own on November 14, 2008.  *Id.* pp. 2-3.  The express purpose of the Joint Motion for Entry of Scheduling Order is to "promote judicial economy, lessen the parties'

litigation burdens, and reduce the number of times that the United States District Judge and the United States Court of Appeals may have to address this matter on the merits." *Id*. p. 1.

2. Requiring separate and piecemeal litigation of the Industry's Motion for Summary Judgment would run counter to the cited purposes of the Joint Motion for Entry of Scheduling Order and waste the time and resources of both the Court and the parties. This is a highly complex case, as demonstrated by the length of the judicial opinions that have issued in it to date. Requiring the merits to be addressed two more times before the Magistrate Judge – once with respect to Industry's Motion for Summary Judgment, and a second time with respect to the remaining parties' dispositive motions – would be highly inefficient and burdensome. It makes far more sense for all dispositive motions to proceed under a single schedule, so that there is only one more set of merits briefing before the Magistrate Judge and only one more consolidated hearing.

3. With the preliminary injunction recommended in the Report and Recommendation likely to go into effect soon, *see* Paragraph 1a above, the Industry has no practical need for expedited consideration of its Motion for Summary Judgment. While it may profess a desire to "keep the case moving," the schedule proposed in the Joint Motion for Entry of Scheduling Order is itself a reasonably compact one, particularly in light of the case's legal complexity.

4. In addition, the Industry's Motion for Summary Judgment has two immediately apparent procedural flaws. These threshold defects would make it particularly wasteful for the Defendants to have to spend time and resources fully opposing the Motion on the merits, which to be prudent they would be compelled to do (as opposed to relying on the procedural defects alone).

a.      First, the Industry fails to include any "statement of the material facts of record to which the moving party contends there is no genuine issue to be tried," as required by Local Rule 56.1. While the Industry presumably will try to justify this omission by repeating its assertion that "[t]he issue presented by this motion for summary judgment is a purely legal one," Memorandum in Support p. 1 (Document 113), the Court already recognized that this particular preemption dispute has a factual component when it declined to "recommend[ ] that the District Court enter . . . a permanent injunction because the final administrative record has not been filed." Report and Recommendation p. 31 (Document 116).[1] The Industry nevertheless demands that just such permanent relief enter immediately with respect to it, despite the absence of both the final administrative record and compliance with Local Rule 56.1's "statement of material facts" requirement.

---

1      As both the quoted statement in the Report and Recommendation and the Court's prior extensive discussion of the "arbitrary and capricious" issue implicitly recognize, *see id*. pp. 25-20, 31, preemption cannot be found unless the Court rejects the Defendants' various challenges to the validity of the Coast Guard's Buzzards Bay preemption statement and its underlying 2007 rulemaking, because agency action that is itself invalid cannot serve as the basis for preempting anything. The Defendants' administrative claims have a factual element that requires, in the least, submission of a full and final agency record. *See id*. p. 31. The Defendants note that one of their claims, reflected in Count II of the Commonwealth's pending counterclaim, is that the Coast Guard's final rulemaking violated the National Environmental Policy Act by inappropriately asserting a categorical exclusion from NEPA, supposedly because the 2007 rule did not involve, *inter alia*, a substantial controversy concerning the environment or an inconsistency with a Massachusetts determination regarding the environment. *See* Commonwealth's Third Amended Answer and Counterclaim ¶¶ 120-30 (Document 105). This was a curious determination for the Coast Guard to make at a time when the Commonwealth's escort and manning requirements were fully in effect (following the First Circuit's remand) and the agency was intending to use the 2007 rule itself to eliminate those same state environmental protections. The circumstances surrounding this asserted categorical exclusion may well need factual development prior to entry of final judgment, but neither it nor any of the Commonwealth's other challenges to the validity of the Coast Guard's rulemaking receives any mention in the Industry's Memorandum in Support. Nor does the Report and Recommendation itself bear on the NEPA claim, as that issue has not yet been briefed by any party. Thus, the validity of the 2007 rule, which remains a necessary premise for all of the Industry's preemption arguments, is still very much in dispute.

b.    Second, the Industry's same insistence on proceeding immediately to final judgment without the administrative record also raises obvious issues under Fed. R. Civ. P. 56(f). It would be far more efficient simply to defer consideration of the Industry's Motion until the other parties' dispositive motions are ready for adjudication, because at that time the administrative record will be on file and any appropriate additional discovery will have been completed.

5.    The Defendants would not object if the November 14 and December 5, 2008 dates proposed in Paragraph 3 of the Joint Motion for Entry of Scheduling Order were also to serve as deadlines for, respectively, the Industry to file a Reply Memorandum and the Defendants to file Surreplies.  The Defendants also would not object if the Industry alternatively were to choose to proceed on the same briefing schedule that the United States has agreed to in Paragraph 3 of the Joint Motion for Scheduling Order, provided that the Industry notifies the Defendants by September 26, 2008 (the date set forth in the Joint Motion for Scheduling Order for the conclusion of fact discovery) of their intent to pursue this alternative approach.[2]   Under either alternative, a single hearing could then be held on all of the parties' outstanding dispositive motions, once the briefing schedule set forth in the Joint Motion for Scheduling Order has concluded.

For the foregoing reasons, the Defendants respectfully request that the Court allow Defendants' Joint Motion to Continue Stay of Summary Judgment Opposition Period and

---

2    If the Industry were to elect the alternative of proceeding on the briefing schedule that the United States has agreed to, it could either (1) treat its current Memorandum in Support as being "filed" on the date that the United States is to file its dispositive motion (November 14, 2008) (with a supplemental memorandum if it so chooses), or (2) file a new, superseding Memorandum in Support on that date.  The Defendants' request for timely notice is meant to prevent them from wasting their time on oppositions that would not then be currently due.

continue the current stay of the time period for the Defendants to serve their Oppositions to

Intervenor-Plaintiffs' Motion for Summary Judgment through October 17, 2008.

| For the Intervenor-Defendant<br>Coalition for Buzzards Bay, | For the Commonwealth of Massachusetts<br>and the Other State Defendants, |
|---|---|
| | MARTHA COAKLEY<br>ATTORNEY GENERAL |
| /s/ Elisabeth M. DeLisle (by permission)<br>Jonathan M. Ettinger, BBO # 552136<br>Elisabeth M. DeLisle, BBO # 658067<br>Foley Hoag LLP<br>Seaport World Trade Center West<br>Boston, MA  02210<br>(617) 832-1000<br>jettinger@foleyhoag.com<br>edelisle@foleyhoag.com | /s/ Pierce O. Cray<br>Pierce O. Cray, BBO # 104630<br>Seth Schofield, BBO # 661210<br>Assistant Attorneys General<br>One Ashburton Place<br>Boston, MA 02108<br>(617) 727-2200, ext. 2084<br>pierce.cray@state.ma.us<br>seth.schofield@state.ma.us |

Date:   June 25, 2008

## LOCAL RULE 7.1(A)(2) CERTIFICATION

  I hereby certify that on June 24, 2008 I conferred with counsel for the Interevenor-Plaintiffs and attempted in good faith to resolve or narrow the issue presented in the current Motion.  I further certify that on June 24, 2008 I conferred with counsel for the Plaintiff United States regarding this Motion and that the United States takes no position on it.

              /s/ Pierce O. Cray
              Pierce O. Cray
              Assistant Attorney General